James L. TOMPKINS and Patricia M. Tompkins

v.

CITY OF PRESQUE ISLE.

Supreme Judicial Court of Maine.

Argued Feb. 1, 1990.
Decided March 9, 1990.

Robert E. Miller (orally), Orono, for plaintiffs.

Hugo A. Olore, Jr. and Alan F. Harding (orally), Presque Isle, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The defendant, City of Presque Isle (City), appeals and the plaintiffs, James L. and Patricia M. Tompkins, cross-appeal from the judgment of the Superior Court (Aroostook County, *Pierson, J.*) reversing a decision of the Presque Isle Zoning Board of Appeals (Board). The Board, pursuant to the Presque Isle Zoning Ordinance (Ordinance), denied the plaintiffs' application for a special exception[1] that would allow the location of a professional office in a former residential building. We find no merit in the plaintiffs' cross-appeal and hold that the Board properly denied the plaintiffs' application. Accordingly, we vacate the judgment of the Superior Court and affirm the decision of the Board.

The plaintiffs owned a two-story house with an attached barn situated on a parcel of land at the corner of State and Third Streets in Presque Isle in a zoning district designated as an urban residence–2 zone (URZ–2). In the URZ–2 district professional offices are authorized as a special exception. *See* Ch. I, § X(C)(2), Presque Isle Zoning Ordinance. Pursuant to Chapter I, § V, of the Ordinance, the plaintiffs applied to the Board for a special exception to locate a professional office in the first floor of the house. Chapter I, § IV(B)(2)(a-q) of the Ordinance establishes seventeen criteria that must be met by an applicant for a special exception and provides that the Board shall approve such application if the proposed use meets all the criteria.

After a series of public meetings, the Board denied the plaintiffs' application, finding that they had failed to meet their burden with respect to the following three criteria:

(e) The proposed use will not have a significant detrimental effect on the use and peaceful enjoyment of property in the immediate neighborhood as a result of noise, vibrations, fumes, odor, dust or glare.

(g) The proposed use will not cause regular on-street parking.

(h) The proposed use will not have a significant detrimental effect on the value of properties in the immediate neighborhood which could be avoided by reasonable modification of the plan.

The plaintiffs sought review of the Board's decision by the Superior Court pursuant to M.R.Civ.P. 80B. After a hearing, the court found that the denial of the plaintiffs' application was not supported by substantial evidence and reversed the decision of the Board.

■ It is well established that when, as here, the Superior Court makes its decision entirely from the record developed at the zoning board of appeals level, we review that same record to determine whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 104 (Me. 1984); *Mack v. Town of Cape Elizabeth*, 463 A.2d 717, 719 (Me.1983). We may not make findings independent of those explicitly or implicitly found by the Board or substitute our judgment for that of the Board. *Brown v. Town of Kennebunkport*, 565 A.2d 324, 327 (Me.1989). Before the Board the plaintiffs had the burden to establish that their application was in compliance with the criteria for granting a special exception to them. *Sibley v. Town of Wells*, 462 A.2d 27, 30 (Me.1983). In this 80B action that burden of persuasion continues to rest on the plaintiffs, as the parties seeking to overturn the Board's decision. *Mack*, 463 A.2d at 720. To reverse the findings of the Board the record must establish that the evidence before the board would have compelled the Board to make a positive finding that the application of the plaintiffs complied with *all* of the seventeen criteria set forth in the Ordinance. *See, e.g., Standish Telephone v.*

---

1. Chapter I, § V of the Presque Isle Zoning Ordinance defines a special exception as

    [A] use that would not be appropriate generally or without restriction throughout the zoning district but which, if controlled as to number, area, location, or relation to the neighborhood, would promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity or general welfare.

*Saco River Tel. & Tel. Co.*, 555 A.2d 478, 480 (Me.1989).

■ Based on the information as to the number and location of parking spaces that would be available and the proposed use of the premises, the Board reasonably could have found that the plaintiffs did not satisfy the requirements of Chapter I, § IV(B)(2)(g) of the Ordinance. Accordingly, on this record it cannot be said that the Board would have been compelled to find that the use of the property proposed by the plaintiffs would "not cause regular on-street parking." The Superior Court erred in reversing the Board on this criterion. Because an applicant for a special exception must satisfy all seventeen criteria, we need not address the other two criteria on which the Board based its denial of the plaintiffs' application. *See Mack*, 463 A.2d at 721.

The entry is: Judgment vacated. Remanded for entry of judgment as follows: Appeal denied; decision of the Zoning Board of Appeals affirmed.

All concurring.