**PINE TREE TELEPHONE AND TELEGRAPH COMPANY**

v.

**TOWN OF GRAY.**

Supreme Judicial Court of Maine.

Argued April 27, 1993.

Decided Aug. 11, 1993.

Joel C. Martin (orally), Petruccelli & Martin, Portland, for plaintiff.

Karen McGee Hurley (orally), William H. Dale, Jensen Baird Gardner & Henry, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN, and DANA, JJ.

GLASSMAN, Justice.

Pine Tree Telephone and Telegraph Company (Pine Tree) appeals from a judgment entered in the Superior Court (Cumberland County, *Perkins, J.*), affirming the decision of the Town of Gray Planning Board (Board), denying Pine Tree's request that the Board approve amendments to Pine Tree's previously approved application for a conditional use and site plan. Finding no error in the record, we affirm the judgment.

In 1990, Pine Tree acquired a nonconforming lot on Route 26 in Gray adjacent to a lot owned by Pine Tree where its existing headquarters buildings are located. At the time of the acquisition an old building and a gravel driveway opening onto Route 26 were located on the lot. Prior to Pine Tree's application of October 2, 1991 to the Board for conditional use and site plan approvals, Pine Tree had razed the building. The site plan submitted to the Board depicted a new building to be used as a garage and storage facility to store vehicles and service the existing office complex on its adjacent lot and a newly configured driveway showing access to the proposed building through the main entrance to the adjacent lot. The existing gravel driveway was not included in the site plan. On November 14, 1991, the Board approved the application as submitted by Pine Tree for the proposed facility subject, *inter alia*, to the condition that the existing gravel driveway be removed and the curb cut to Route 26 be eliminated.

Pine Tree requested that the Board's approval be amended to provide that the curb cut not be eliminated and the existing gravel driveway not be removed and to allow Pine Tree to expand the driveway to a width of 28 feet 3 inches, more or less. At the December 12 hearing on Pine Tree's requested amendment, Pine Tree submitted no evidence. The minutes of that meeting reflect the Board noted that the plan approved by the Board on November 14 depicted the entrance to the proposed building through the main entrance to the headquarter buildings on the adjacent lot and that

this part of Shaker Road (Route 26) is extremely busy, and has a lot of traffic because of the proximity of Stimson Hall, the Town Office, Post Office, School Dept., Casco Bank and the like.

The Board concluded that ingress and egress for trucks and vehicles should be via the access way approved by the Board at its November 14 meeting and denied Pine Tree's requested amendment. After a hearing on Pine Tree's complaint, pursuant to M.R.Civ.P. 80B, the court affirmed the Board's decision, and Pine Tree appeals.

Pine Tree contends the Board did not comply with certain provisions contained in the Site Plan Review and Zoning Ordinances of the Town of Gray, the evidence did not support the Board's decision, and the decision of the Board effected an unconstitutional taking of Pine Tree's property. We disagree. When, as here, the Superior Court, acting as an intermediate appellate court, bases its decision entirely on the record developed before the Board, we review that record to determine whether the Board abused its discretion, committed an error of law or made findings not supported by substantial evidence. *Tompkins v. City of Presque Isle*, 571 A.2d 235, 236 (Me.1990). The burden is on the applicant to establish that its application is in compliance with the criteria for granting the application. To reverse a Board's finding, the record must establish that the evidence before the Board would have compelled the Board to find the application complied with all criteria for the granting of that application. *Id.*

Pine Tree first argues that the Board could not find that the expansion of the existing gravel driveway would adversely affect traffic at that site without complying with section 404.7(A)(1)(c) of the Gray Site Plan Review Ordinance that provides in pertinent part that:

A traffic impact analysis performed by a registered traffic engineer shall be the method used by the Planning Board to determine pre and post development roadway adequacy regarding both capacity and safety, and to identify necessary roadway improvements attributable to the proposed development.

Section 404.7 sets forth the minimum requirements to be met by an applicant for a site plan approval. Pine Tree's argument ignores the provision of section 404.7 that specifically provides: "In all instances the burden of proof shall be on the applicant to demonstrate compliance with each standard."

Pine Tree next argues that the Board's decision is in contravention of section 402.-28–1(A) of the Zoning Ordinance that provides: "Each property ... shall be provided with vehicular access to the property by abutting public or private ways. Private rights-of-way shall be protected by permanent easements." Initially we note that Pine Tree's application, approved by the Board, depicts vehicular access to the property in issue. That application neither depicted the existing gravel driveway nor indicated that it was the intention of Pine Tree to expand it for use as a driveway to access the proposed building to be placed on the lot in issue. Rather, it depicted access through the main entrance to the headquarters buildings on the adjacent lot. The site plan also reflected that within a space of 150 feet there were several existing driveway openings from the adjacent lot onto that portion of Route 26. Section 404.7(A)(2)(e) of the Site Plan Review Ordinance requires that when two or more two-way driveways connect a site to a road, the closest edges must be at least 100 feet apart. The existing gravel driveway is less than 70 feet from the nearest driveway, which also accesses Pine Tree's adjacent lot. Accordingly, based on the evidence before it at that time, the Board's November 14 approval of Pine Tree's application could reasonably be conditioned on the removal of the gravel driveway and elimination of the curb cut to Route 26.

Section 402.28–1(B) of the Zoning Ordinance provides that "[d]riveways shall provide safe and suitable vehicular access to and from the property at all times." In addition, section 404.7(A)(2)(a) of the Site Plan Review Ordinance provides:

All entrance and exit driveways shall be located to afford maximum safety to traffic, provide for safe and convenient ingress and egress to and from the site and to minimize conflict with the flow of traffic.

Whether the use of the existing gravel driveway would comply with the requirements of sections 402.28–1(B) and 404.-7(A)(2)(a) first became an issue for determination by the Board on Pine Tree's application requesting that the Board amend its approval by deleting the condition that the driveway be removed and the curb cut to Route 26 be eliminated and allowing Pine Tree to widen the driveway.

■ Notwithstanding that the only evidence offered by Pine Tree was the statement of its intention not to use the gravel driveway for ingress or egress to the proposed building, it argues there was insufficient evidence before the Board to support its decision denying Pine Tree's request to amend the approved application. It asserts that the Board erred in relying on its members' personal knowledge of the traffic conditions on Route 26.

■ The law is well established that personal knowledge, when competent, may be considered by members of a planning board. *See Lippoth v. Zoning Bd. of App., City of So. Portland,* 311 A.2d 552, 557 (Me.1973) (board members' knowledge of street, surroundings, and Maine weather "would encompass the traffic problems readily foreseeable and [enable the board to] make an informed judgment as to whether [approval] would 'generate unusual traffic conditions affecting the general neighborhood' "); *Forest Construction Co. v. Planning & Zoning Comm'n,* 155 Conn. 669, 236 A.2d 917, 921 (1967) ("members of the commission were entitled to consider any facts, concerning the area, traffic, intersection and surrounding circumstances, which they had learned by personal observation"). In reaching its decision on Pine Tree's requested amendment the Board properly considered the detailed personal knowledge of its members that the portion of Route 26 adjacent to the lot at issue was often congested because of its proximity to a number of public and commercial buildings. The Board also properly considered that Pine Tree's intent not to use the gravel driveway for ingress or egress to the proposed building would not foreclose its use by members of the public.

Nor do we find any merit in Pine Tree's contention that the denial of its requested amendment effected an unconstitutional taking. We have previously stated that "[n]o taking exists unless the property has been rendered substantially useless." *Curtis v. Main,* 482 A.2d 1253, 1258 (Me. 1984) (quoting *Sibley v. Inhabitants of the Town of Wells,* 462 A.2d 27, 31 (Me.1983). Pine Tree offered no evidence that the Board's denial of its request has rendered the property substantially useless.

The entry is:

Judgment affirmed.

All concurring.