STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          Docket No. AP-99-26 and CV-99-57
                                        MJK -PEN- 1/14/2000

SAWYER ENVIRONMENTAL           )
FACILITIES, INC.,              )
         Plaintiff,            )
                               )
                               )
         v.                    )        **ORDER ON 80B APPEAL**
                               )        **AND MOTION FOR**
THE INHABITANTS OF THE         )        **SUMMARY JUDGMENT**
TOWN OF HAMPDEN, MAINE,        )        FILED AND ENTERED
and RAY PIPES, in his capacity as  )    SUPERIOR COURT
Code Enforcement Officer       )
of said Town,                  )        JAN 14 2000
         Defendant.            )
                               )        PENOBSCOT COUNTY

This matter is before the Court on Plaintiff's two 80B Appeals of separate

decisions of the Hampden Zoning Board of Appeals. Also before the Court are

opposing Motions for Summary Judgment and Judgment on the Pleadings on

several related civil claims.

## FACTS

This case arises out of a controversial proposal for an expansion of a landfill

located in the Town of Hampden. The factual history spans a twenty-five year

period concerning numerous developments of the landfill. In 1974, the predecessor

of Plaintiff Sawyer Environmental Recovery Facilities ("SERF") received a permit

from the Town of Hampden to operate a landfill. Although the Hampden Zoning

Ordinance did not specify landfills as a permissible use anywhere in the Town, the

Zoning Board of Appeals ("Zoning Board") granted a permit for a landfill on Lots 44,

1

45, and 46.[1]  On March 12, 1975, the Maine Department of Environmental Protection ("DEP") approved the Hampden landfill, pursuant to 38 M.R.S.A. §§ 1301, et seq. After receiving approval from the Hampden Planning Board on April 16, 1975, SERF's predecessor opened the landfill.

In 1979, Hampden enacted a new Zoning Ordinance, which again did not allow landfills in any section of the Town.  In 1985, the Hampden Planning Board granted site plan approval for another portion of SERF's landfill.  That site opened thereafter and closed in 1994.

On October, 20, 1998, the DEP issued a permit for construction and operation of another portion of the Hampden landfill.  On January 28, 1999, Ray Pipes, the Hampden Code Enforcement Officer ("CEO"), issued a decision that allowed SERF's vertical expansion but denied lateral expansion of the landfill.[2]  Mr. Pipes determined that because landfills are not allowed anywhere in Hampden, SERF's proposed expansion constituted a nonconforming use under the Hampden Zoning Ordinance, which prohibited expansion of nonconforming uses.  As such, Pipes determined that SERF could not expand the landfill beyond the original footprint approved by the DEP in 1975.  SERF appealed the CEO's decision to the Zoning

---

1. Since 1974, Hampden has reconfigured and renumbered the land area at issue here.  The parties do not dispute that the land at issue here is within the boundaries of lots 44, 45, and 46, as they existed in 1974 when the Hampden Zoning Board of Appeals approved SERF's landfill.  See Defendant's Memorandum, p. 4, filed August 20, 1999.  To avoid confusion over lot numbers, throughout this opinion the Court refers to these three lots only by the numbers allocated in 1974.

2. The DEP approved SERF's landfill expansion plan for an area that included land outside the boundaries of lots 44, 45, and 46. SERF's application to the Town, which is at the center of this dispute, included only Lots 44, 45, and 46.  As such, this order addresses SERF's proposed expansion only for the land covered by the application to the Town, Lots 44, 45, and 46.  Any proposal for expansion of land outside of Lots 44, 45, and 46 is not before the Court.

2

Board, which denied the appeal. SERF filed CV-99-57, which consists of an appeal of the Zoning Board's decision, pursuant to Rule 80B of the Maine Rules of Civil Procedure, and three related civil claims.

Subsequently, the Hampden Planning Board determined, based on the Zoning Board's decision, that it lacked jurisdiction to review SERF's site plan application. SERF appealed that decision to the Zoning Board, which denied the appeal. SERF then filed AP-99-26, appealing the Zoning Board's decision that affirmed the Planning Board's lack of jurisdiction, pursuant to Rule 80B. By order dated June 14, 1999, cases CV-99-57 and AP-99-26 were consolidated. On July 21, 1999, the parties submitted a stipulated record for Count I of CV-99-57.

## 1. CV-99-57 Count I Preemption

The parties have filed opposing motions for judgment on the stipulated record for Count I. "[T]o stipulate a record for judgment allows the judge to decide any significant issues of material fact that he discovers," and to enter judgment according to those findings. Boston Five Cents Savings Bank v. Secretary of H.U.D.D., 768 F.2d 5, 11-12 (1st. Cir. 1985).

Plaintiff argues that the Hampden Zoning Ordinance, which, according to the Town, prohibits expansion of the landfill, is preempted by the Solid Waste Management Act, 38 M.R.S.A. §§ 1301, et seq. Maine's home rule statute confers upon municipalities the authority to enact ordinances or bylaws as allowed by the Maine Constitution or general law, except those expressly or impliedly preempted by statute. See 30-A M.R.S.A. § 3001. The statute also provides a rebuttable

3

presumption that municipal ordinances are valid and will not be held preempted unless the ordinance would frustrate the purpose of any state law. See id. The Law Court has explained further that "[m]unicipal legislation will be invalidated, therefore, only when the Legislature has expressly prohibited local regulation, or when the Legislature has intended to occupy the field and the municipal legislation would frustrate the purpose of a state law." International Paper Co. v. Town of Jay, 665 A.2d 998, 1002 (Me. 1995).

Plaintiff argues that Hampden's Zoning Ordinance, as interpreted by the Town, frustrates the purpose of sections 1310-U and 1310-X and are, therefore, preempted. Section 1310-U prohibits municipalities "from enacting stricter standards than those contained in this chapter" but allows them to enact reasonable provisions for numerous purposes, including "compatibility of the solid waste facility with local zoning and land use controls." Section 1310-X authorizes the DEP to license existing disposal facilities for expansion, provided that the applicant meets specific criteria set forth therein. Defendants do not dispute the DEP's determination that SERF's proposed expansion fulfills these criteria. Rather, Defendants contend that the exclusion of landfills under the Zoning Ordinance falls within the scope of the Town's authority granted in section 1310-U. The Court need not reach this issue because, as discussed below, Hampden's Zoning Ordinance as applied to the facts of this case does not prohibit SERF's proposed expansion.

**2. CV-99-57 Count II Rule 80B Appeal**

Plaintiff argues that the Zoning Board's 1974 decision to allow SERF to

4

construct a landfill in Hampden constituted a variance for lots 44, 45, and 46. SERF contends that the variance allows SERF to expand the landfill on these three lots and that the current Zoning Ordinance does not prohibit such an expansion. Defendants respond that the approval granted by the Zoning Board in 1974 applied only to the footprint of the original landfill as approved by the DEP in 1975. As such, Defendant asserts that the expansion is a nonconforming use, which is prohibited by the Zoning Ordinance.

A plaintiff seeking a Rule 80B appeal carries the burden of proof. See Tompkins v. City of Presque Isle, 571 A.2d 235, 236 (Me. 1990). This Court reviews a decision of a municipal agency for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. See id. Courts grant "great deference" to an agency's interpretation of an ordinance that it regularly administers, unless the ordinance "plainly compels a contrary result.'" Wright v. Town of Kennebunkport, 715 A.2d 162, 164 (Me. 1998) (quoting Berube v. Rust Eng'g, 668 A.2d 875, 877 (Me. 1995)). The Court, however, must avoid interpretations that produce absurd, illogical, or inconsistent results. See id.

The Zoning Board's finding in this case is inconsistent with its prior decisions and contrary to the laws of Maine. The Town cannot in hindsight place limitations on the 1974 variance that were not delineated in the original approval. See City of Portland v. Grace Baptist Church, 552 A.2d 533, 535-36 (Me. 1988). The only restriction placed on the 1974 approval simply requires the applicant to follow DEP requirements; there are no limitations whatsoever placed on SERF's development

5

of a landfill on lots 44, 45, and 46. Additionally, the 1975 footprint was developed several months after the Zoning Board approval. The Zoning Board could not have limited the landfill to an area that was as yet undefined at the time of the decision.

The Planning Board's 1985 approval of SERF's expansion is consistent with this interpretation. The Secure II landfill approved by the Planning Board in 1985 involved expansion beyond the original footprint. Although the CEO was not involved at that time, the Planning Board did make factual findings that the expansion conformed with all applicable Town ordinances and the comprehensive plan. Essentially, the Planning Board found that the expansion of the landfill to an area outside the original footprint did not constitute a nonconforming use under the Town Zoning Ordinance. As the 1984 determination by the Planning Board was not appealed, the decision has become a final judgment and may not now be revisited because it is barred by administrative collateral estoppel. See Crosby v. Town of Belgrade, 562 A.2d 1228, 1230 (Me. 1989).

Furthermore, although the Maine Law Court has not addressed the issue, most jurisdictions have established that a use allowed by a variance does not constitute a nonconforming use and is not subject to zoning limitations on expansion. See Angel Plants, Inc. v. Schoenfeld, et al., 946 N.Y.S.2d 112, 113 (N.Y. App. Div. 1989); James, et al. v. Town of New Hartford, 373 N.Y.S.2d 938, 940-41 (N.Y. App. Div. 1975). The variance in this case, granted in 1974, was granted at a time when the existing ordinance prohibited landfills in the industrial zone, and all subsequent ordinances, including the current one, have prohibited landfills. "[A]

6

use established or maintained pursuant to a variance granted by an administrative body is not a nonconforming use." ROBERT M. ANDERSON, AMERICAN LAW OF ZONING § 6.01 (3d. ed. 1986). Thus, under all successive ordinances, the landfill is a use permitted by the variance and does not constitute a nonconforming use. Accordingly, SERF's expansion of the landfill within lots 44, 45, and 46 is not a nonconforming use subject to zoning restrictions; rather, the 1974 variance allows SERF to expand the landfill within the boundaries of those lots, as they existed at the time of the variance approval.

### 3. CV-99-57 Count III Inverse Condemnation and Count IV Section 1983

In Counts III and IV, Plaintiff asserts an inverse condemnation and a violation of 42 U.S.C. § 1983, both based on the Town's prohibition of SERF's proposed expansion. Because the Court holds that the Zoning Ordinance does not prohibit SERF's expansion on lots 44, 45, and 46, these claims are moot for lack of a justiciable controversy. See Maine Civil Liberties Union v. City of S. Portland, 734 A.2d 191, 194-95 (Me. 1999). These claims are, therefore, dismissed.

### 4. AP-99-26 Rule 80B Appeal

SERF also asserts a Rule 80B appeal of the Zoning Board's affirmance of the Planning Board's rejection of SERF's site plan application for lack of jurisdiction. In light of this Court's determination that the Zoning Ordinance does not bar SERF's proposed expansion, the Court finds that the Planning Board did have jurisdiction to review SERF's application. As such, the Court grants SERF's appeal of this decision.

7

The docket entry is:

Plaintiff's Rule 80B Appeals are GRANTED on Count II of CV-99-57 and Count I of AP-99-26 . Counts I, III, and IV of CV-99-57 are dismissed. This matter is remanded to the Hampden Zoning Board of Appeals for further proceedings consistent with this opinion.

Dated: Jan. 14, 2000

Hon. Margaret J. Kravchuk
JUSTICE, SUPERIOR COURT

Date Filed _3/25/99_   PENOBSCOT   Docket No. _CV-99-57_
                        County

CONSOLIDATED WITH AP-99-26

Action _CIVIL - INJUNCTIVE RELIEF_

80B APPEAL added
ASSIGNED TO JUSTICE MARSANO

SAWYER ENVIRONMENTAL RECOVERY          INHABITANTS OF THE TOWN OF HAMPDEN &
FACILITIES, INC.                       RAY PIPES, CODE ENFORCEMENT OFFICER
                            vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PIERCE ATWOOD<br>ONE MONUMENT SQUARE<br>PORTLAND ME 04101-1110<br>BY: Philip Ahrens, Esq.<br>    Catherine R. Connors, Esq.<br>    Helen L. Edmonds, Esq. | Farrell, Rosenblatt & Russell<br>61 Main Street<br>PO Box 738<br>Bangor, Maine  04402-0738<br>BY: Thomas A. Russell, Esq.<br>    Nathaniel M. Rosenblatt, Esq.<br>FOR: Defendants |

| Date of Entry | |
|---|---|
| 3/25/99 | Complaint for Declaratory and Injunctive Relief filed - Exhibits 1, 2, 3, 4 & 5 attached. |
| 3/25/99 | Case File Notice and Pretrial Scheduling Statement and Jury Demand form forwarded to Plaintiff's counsel. |
| 3/29/99 | Acknowledgement of Service of Process on behalf of Defendant Ray Pipes by Thomas A. Russell, Esq. Filed.  (S.D. 3/25/99) |
| 3/29/99 | Acknowledgement of Service of Process on behalf of Defendant Town of Hampden by Thomas A. Russell, Esq. Filed. (S.D. 3/25/99) |
| 4/13/99 | Answer and Affirmative Defenses Filed by Defendants. |
| 4/13/99 | Appearance entered of Thomas A. Russell, Esq., and Nathaniel M. Rosenblatt Esq. on behalf of Defendants Filed. |
| 4/14/99 | Acceptance of Service of Process by Jeff Pid--#1401 for Attorney General General for the State of Maine Filed. (S.D. 3/31/99) (signature not legible) |
| 4/14/99 | Pretrial Scheduling Statement Filed by Plaintiff. |
| 4/23/99 | Expedited Pretrial Order filed.  Discovery to be closed by  8/23/99. This case will be placed on the non-jury trial list 30 days after close of discovery.  This Order is incorporated into the docket by reference at the specific direction of the court. (Pierson, J.) Copy forwarded to attorneys of record.  Report of Conference of Counsel form forwarded to Plaintiff's counsel. |
| 4/28/99 | Amendment to Answer and Affirmative Defenses Filed by Defendants. |

Date Filed __6/11/99__ _____PENOBSCOT_____ Docket No. _____ AP-99-26

County

Action ___80B APPEAL_____

CONSOLIDATED WITH CV-99-57

Assigned to Justice Francis C. Marsano

SAWYER ENVIRONMENTAL
RECOVERY FACILITIES, INC.

THE INHABITANTS OF THE TOWN OF HAMPDEN,
MAINE and THE PLANNING BOARD

DONALD L. GARBRECHT
LAW LIBRARY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MAR 6 2000 PIERCE ATWOOD<br>ONE MONUMENT SQUARE<br>PORTLAND ME 04101-1110<br>BY: CATHERINE R. CONNORS, ESQ.<br>　　HELEN L. EDMONDS, ESQ.<br>　　PHILIP AHRENS, ESQ. | FARRELL ROSENBLATT & RUSSELL<br>P O BOX 738 - 61 Main Street<br>BANGOR ME 04402-0738<br>BY: Thomas A. Russell, Esq.<br>　　Nathaniel M. Rosenblatt, Esq. |

| Date of Entry | |
|---|---|
| 6/11/99 | Complaint for Review of Governmental Action Pursuant to M.R. Civ.P. 80B filed. |
| 6/11/99 | Agreed Upon Motion to Consolidate Pursuant to M.R. Civ.P. 42 and Consolidate Memorandum of Law filed (with CV-99-57) |
| 6/14/99 | Order on Agreed-upon Motion to Consolidate Pursuant to M.R. Civ.P. 42 filed. It is hereby Granted in the interests of justice and the convenience of the parties. The above-captioned matters are consoli-dated. These consolidated matters shall proceed according to the Court's Order Specifying the Future Course of Proceedings dated May 18, 1999. Plaintiff shall file a supplement to the Rule 80B record on the date that it files its Rule 80B Brief together with any motion and accompanying supporting materials for summary dis-position of Counts I, III or IV of the Amended Complaint. The supplement to the Rule 80B record will contain any additional record documents related to Plaintiff's Rule 80B appeal captioned Sawyer Environmental Recovery Facilities, Inc. v The Inhabitants of the Town of Hampden, Maine and the Planning Board of Said Town dated 6/10/99. (Hjelm, J.) Copy forwarded to attorneys of record. |
| 6/16/99 | Entry of Appearance of Nathaniel M. Rosenblatt, Esq. and Thomas A. Russell, Esq. as counsel for Defendants filed. |
| 6/24/99 | Acknowledgement of Service of Process by Nathaniel M. Rosenblatt, Esq. on behalf of the Town of Hampden filed. (s.d. 6/15/99) |
| 6/24/99 | Acknowledgement of Service of Process by Nathaniel M. Rosenblatt, Esq. on behalf of the Planning Board of the Town of Hampden filed. (s.d. 6/17/99) |

(over)