STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        Docket No. AP-06-44

PAMELA COLE,

        Plaintiff,

                                                STATE OF MAINE
                                        Cumberland, ss, Clerk's Office
                                            SUPERIOR COURT

                                              MAR 21 2007

                                        RECEIVED
        v.                              ORDER

TOWN OF GRAY,

        Defendant.

        Before the court is Pamela Cole's Rule 80B appeal from a July 14, 2006 decision of

the Gray Planning Board not to approve Cole's application for a three-lot subdivision

on Depot Road.

1.      Record

        The record demonstrates that on January 12, 2006 Cole initially proposed two

alternative plans to the Gray Planning Board – a cluster subdivision and a traditional

subdivision. R.6 at 2-3. In both cases Planning Board members expressed concern, *inter

alia*, about the number of curb cuts and the safety issues created by multiple driveways

on the Depot Road. Id. The Board moved to reject Cole's sketch plans until she

returned with a more satisfactory plan. R. 6 at 3.

        The record reflects that on February 6, 2006, approximately three weeks after the

January 12, 2006 Planning Board meeting, the State Department of Transportation

issued Cole a permit to construct a driveway under 23 M.R.S. § 704. R.5.

        On February 9, 2006 a representative of plaintiff presented a revised plan, noting

that the number of lots had been reduced to three with two curb cuts. R. 7 at 2. One

curb cut had been approved by MDOT, and apparently construction of a driveway had

commenced. Apparently because Cole did not have subdivision approval, the Town's Code Enforcement Officer had then issued a stop work order. This concerned members of the Board who felt that subdivision approval should have been obtained before any road was put in. Id. However, the Board ultimately voted to accept the preliminary sketch plan and voted to complete a site walk prior to any further submittal. Id. at 3-4. However, at the February 23, 2006 meeting it was reported that Cole had withdrawn her application. R. 8 at 1.

On June 8, 2006 Cole's representative submitted a new sketch plan for a three-lot subdivision. R. 9 at 7. Apparently a portion of the property had been sold to a family named Soucy, who would use the already constructed driveway, and Cole was seeking approval for at least one additional driveway (or curb cut) to access the other residences. Id. Board members again expressed concern over the number of curb cuts, and there was discussion as to whether the overall plan could be amended to have only one driveway onto Depot Road. At least one member suggested that a site plan and a traffic study would be necessary before the plan could be approved. Id. The Board ultimately tabled the issue until a traffic study and site walk were completed. Id. at 7-8.

On June 26, 2006, several weeks after the Planning Board's June 8, 2006 meeting, the State Department of Transportation issued a permit to Cole to construct a second driveway on the property. R. 4.

On July 13, 2006, Cole's representative again appeared before the Board. Although he informed the Board at that time that the plan had been reconfigured to eliminate one curb cut Cole's June 2006 plan must have originally called for three driveway entrances because the record reflects that Cole was still seeking approval for two curb cuts. R. 10 at 4. The record does not reflect that any traffic study was submitted, and Board members continued to express their concerns as to the existence

2

of more than one driveway. Id. They also expressed their concern that Cole was asking them to approve two driveways because of actions she had taken before obtaining any approvals. Id. Steve Lavallee from the Town's Department of Public Works stated that he thought there should only be one opening because of the traffic. Id. at 5. In the end, the Board voted 4-1 against approving the sketch plan submitted by Cole. Id.

Written confirmation of the Board's action was issued the following day. R. 11 ("As you know, the Boards major concern was the location of the two proposed driveways on a hazardous section of Depot Road").

## 2. Standard of Review

On an 80B appeal, interpretation of a local ordinance is a question of law that is subject to *de novo* review. Isis Development LLC v. Town of Wells, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287 n.4. In contrast, factual determinations made by a local planning board will only be overturned if they are not adequately supported by evidence in the record. Jordan v. City of Ellsworth, 2003 ME 82 ¶ 8, 828 A.2d 768, 771. On factual issues the court may not substitute its judgment for that of a local planning board. Just because a different conclusion could be drawn from the record does not justify overturning a planning board's decision if there is evidence in the record that could support the board's determination. Twigg v. Town of Kennebunk, 662 A.2d 914, 916 (Me. 1995). To prevail on factual issues, the party challenging a board's decision must show that the evidence compels a different result. Id.

## 3. Discussion

Cole's brief on appeal does not separately divide her arguments in to sections alleging errors of law, procedural deficiencies, or findings unsupported by sufficient

evidence. Instead, she lumps her arguments together under the heading that the Board's denial of her application "was an abuse of discretion, error of law, and/or is unsupported by substantial evidence in the record." Plaintiff's Brief dated September 18, 2006 and filed September 20, 2006 at 4. Nevertheless, it is possible to glean that Cole is making two separate arguments. The first is that because Cole satisfied section 1.11 of the Town's Street Construction Ordinance, the Planning Board could not turn down her subdivision application based on the existence of too many driveway openings on the Depot Road.

Cole's argument on this issue is unavailing. Section 1.11 of the Town's Street Construction Ordinance requires minimum sightlines dependant on the allowable speed (which requirements were met here) and compliance with MDOT standards (demonstrated here by MDOT's permits). However, the subdivision ordinance and the governing statute require the Board to consider whether the proposed subdivision will cause "unreasonable highway or public road congestion or unsafe conditions with respect to the use of the highways or public roads existing or proposed . . . " 30-A M.R.S. § 4404(5); Gray Subdivision Ordinance § 401.1(E).[1] Just because Cole's proposal met the sightline criteria in § 1.11 of the street construction ordinance does not mean the Planning Board was required to find that it would not cause unreasonable road congestion or unsafe conditions under the subdivision ordinance. In addition, a portion of the Street Construction Ordinance not cited by Cole also directs consideration of safe access, relationship of proposed driveways to existing streets, and the relationship of

[1] Section 4404(5) also requires that any driveways in a subdivision outside of any urban area be approved by MDOT under 23 M.R.S. § 704. Cole obtained the necessary MDOT approvals in this case. If the legislature had intended MDOT approval to be conclusive, however, it would have limited § 4405(5) to a requirement that MDOT approval be obtained. The presence of statutory language requiring that a proposed subdivision also not cause unreasonable congestion or unsafe traffic conditions demonstrates that something more than MDOT approval is required.

proposed driveways with respect to any potential conflict with the existing traffic flow. Street Construction Ordinance §§ 5.3.3, 5.3.4.

The MDOT permits obtained by Cole are also not conclusive as to compliance with the subdivision ordinance. The MDOT rules expressly state:

> Nothing in this rule supplants any municipal ordinance . . . . Where the requirements of this rule differ from a requirement of a municipal ordinance . . . . the most stringent or restrictive requirement as related to the purposes of these rules will apply.

MDOT 17-299 § 1.3(B).

Cole's second argument is that there is no evidence in the record that the presence of two driveways on that section of the Depot Road would create potentially hazardous conditions. Cole argues that the evidence she offered demonstrated the contrary. Her evidence, however, addressed only the adequacy of sightlines at the location of Cole's proposed driveway entrances. R. 3. The Planning Board was not required to assume that if the sightlines were adequate, there would be not safety issues caused by entering or exiting vehicles. In fact, the Planning Board had contrary evidence from Steve Lavallee from the Town's Public Works Department to the effect that he did not think more than one driveway entrance would be appropriate and that MDOT, in approving Cole's permits, did not appreciate the traffic at that location. R. 10 at 5.

While that alone is sufficient evidence to uphold the Board's decision, it is also evident from the record that a number of the Board members were personally familiar with the location in question and that their knowledge of the area supported their concern that the speed and volume of traffic in that area rendered the existence of more than one driveway entrance (curb cut) hazardous. Personal knowledge, when competent, may be considered by members of a planning board. See Pine Tree

5

Telephone & Telegraph Co. v. Town of Gray, 631 A.2d 55, 57 (Me. 1993); Lippoth v. Zoning Board of Appeals, 311 A.2d 552, 557 (Me. 1973) (board members' knowledge of street, surroundings, and Maine weather would encompass any traffic problems readily foreseeable and enable the Board to make an informed judgment as to whether approval would generate unusual traffic conditions affecting the general neighborhood.).

In sum, the court disagrees with Cole's contentions that the Board erred as a matter of law in not limiting its review to Section 1.11 of the Street Construction Ordinance and disagrees that the Board's decision was not supported by substantial evidence. As far as the court can discern, Cole has not raised any other arguments that the Board's decision was invalid, and the decision is therefore affirmed.

The entry shall be:

The decision of the Gray Planning Board is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     March 20 , 2007

Thomas D. Warren
Justice, Superior Court

CUMBERLAND        Docket No. AP-06-44
County

Action    80B APPEAL

PAMELA S. COLE                           THE INHABITANTS OF THE TOWN OF GRAY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES F. PROSS, ESQ.<br>DAVID R. DUBORD, ESQ.<br>P.O. BOX 1081<br>LEWISTON, ME 04242-1081<br>783-5261 | William Dale Esq<br>PO Box 4510<br>Portland ME 04112 |