OPINION OF THE COURT
Vincent R. Rippa, J.
Defendant Michael Donato is charged with multiple violations of section 213-5 (E) of the New Rochelle Code (the Code), *193 which prohibits “unnecessary animal noise.” Numerous summonses for these violations were issued to defendant and a trial was held on January 27, 1998. At the conclusion of the trial, defendant made a motion to dismiss the charges against him, arguing that the applicable section of the Code is unconstitutionally void because of vagueness, and the parties were permitted to submit posttrial memoranda of law prior to the court rendering its decision.
FINDINGS OF FACT
The credible evidence adduced at the trial is that Police Officer Kyle Wilson of the New Rochelle Police Department was dispatched to premises located at 32 White Oak Street in the City of Néw Rochelle on December 17, 1997 at around 7:00 a.m., to investigate a citizen complaint about a barking dog. After pulling up in front of a house at that address, he heard dog barking coming from the rear of the house. When he walked up the driveway, he observed through the garage window that a dog was inside the garage. Thereafter, he sat about 250 feet away from the garage in the street in front of the house for about 15 to 20 minutes, during which time he heard the dog barking continuously. At that point, he ran a check on a car parked in the driveway and was informed that the defendant was the owner of the car. He then rang the bell at the house, and a man who had come from upstairs confirmed that the defendant was the owner of the house, the car and the dog. The officer then issued a summons to the defendant.
On cross-examination, Officer Wilson testified that he did not know whether, prior to his arrival, anyone had made loud noises outside the garage door, had banged on it or thrown a rock at it. He also testified that he did not notice whether there were any other dogs in the area and that he had not taken a decibel meter reading of the barking. Further testimony established that the same officer had investigated similar complaints on several prior occasions, had observed the dog in the garage and. listened to it barking for 15- to 20-minute periods, after which he had issued tickets to the defendant.
Police Officer John Young of the New Rochelle Police Department also testified that he had investigated complaints of defendant’s dog barking on several occasions. On August 22, 1997 at 6:56 a.m. he had responded to 32 White Oak Street and had observed a dog chained in the garage located at the back of the house. The barking had continued for approximately 20 to 25 minutes when the officer rang the bell in the house. A *194 tenant answered and told him defendant owned the property. The same observations had been made by Officer Young on September 5, 1997 when he heard the dog barking for 15 to 20 minutes and again on September 10, 1997 at approximately 6:40 a.m. On cross-examination, Officer Young testified that although he had been told that the barking dog belonged to defendant, he had never conducted an independent check to verify who the dog’s owner was.
Defendant Michael Donato then testified on his own behalf that he is the owner of two dogs. When he leaves to go to work, he places the dogs in the garage on a long leash, leaving them food and water. He stated that the dogs only bark when someone approaches or enters the home or the garage. He claimed that one neighbor does not like him and therefore lodges complaints about his dogs. He testified, however, that the complaining neighbor’s apartment is located in such a way that he cannot possibly tell where the barking is coming from. He said he thought that the neighbor is mistaken and confuses his dogs with that of another neighbor. He also testified that he loves dogs and properly cares for them.
Police Officer Denise Waters was also called as a witness for the defense and testified that on November 5, 1997, she was also dispatched to investigate an animal noise complaint at the defendant’s home, but that after sitting in front of the house for approximately five minutes, she did not hear any barking.
CONCLUSIONS OF LAW
An analysis of the merits of defendant’s arguments must begin with an examination of the ordinance in question. It is well settled that in order to withstand a constitutional challenge, a statute must pass a two-part test, i.e., it must provide (1) fair notice, and (2) standards for application. (People v Smith, 44 NY2d 613 [1978].) In that case, the Court of Appeals held that a criminal statute, such as the one at issue herein, must be sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, and it must provide explicit standards for those who apply it to avoid resolution on an ad hoc and subjective basis, with the potential dangers of arbitrary or discriminatory application. Thus, the constitutional requirement is that a statute must be “informative on its face” (People v Firth, 3 NY2d 472, 474 [1957]), so that no inadvertently disturbing act is punished. (People v Bakolas, 59 NY2d 51 [1983].)
Nothing less than “adequate warning of what the law requires” will do. (People v Cruz, 48 NY2d 419, 424 [1979].) *195 Boundaries must be “ ‘sufficiently distinct’ ” for the law to be fairly administered. (Supra, at 424.) In People v New York Trap Rock Corp. (57 NY2d 371 [1982]), the Court of Appeals reiterated that proper notice of proscribed conduct is required because, unless by its terms a law is clear and positive, it leaves virtually unfettered discretion in the hands of the law enforcement officials and may thus encourage arbitrary and discriminatory administration. (See also, People v Illardo, 48 NY2d 408 [1979].)
Although it is axiomatic that, as a matter of substantive law, every enactment by a legislative body is presumed to be constitutional until proven otherwise to the courts’ satisfaction (Borden’s Co. v Baldwin, 293 US 194), “what constitutes required due process varies with the status of the party asserting that there has been a denial thereof as well as with the governmental function involved”. (Health Ins. Assn. v Harnett, 44 NY2d 302, 309 [1978].) In Harnett, the Court of Appeals pointed out that (at 309) “[alt]hough the test for determining whether due process has been accorded may be said to be constant — i.e., whether there has been protection of the individual against arbitrary action * * * the specifics required to satisfy the standard may differ.” Thus, when a law is challenged for vagueness, the statute will be stricken if it is found to be vague as applied to the individual who is challenging it. (Supra.) Consequently, New York courts have found that due process requires a “reasonable” degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of a statutory term. (See, 41 Kew Gardens Rd. Assocs. v Tyburski, 70 NY2d 325 [1987]; Foss v City of Rochester, 65 NY2d 247 [1985]; 8200 Realty Corp. v Lindsay, 27 NY2d 124 [1970].) Additionally, the statute must be drafted in a manner which prevents arbitrary and discriminatory application by making its “boundaries sufficiently distinct” for law enforcement personnel, courts and juries to be able to fairly apply it and administer it. (People v Frie, 169 Misc 2d 407 [Suffolk Dist Ct 1996].)
The ordinance at issue herein states: “Animals. No person shall keep, permit or maintain any animal under his/her control to cause unnecessary noise across a residential real property boundary.” (New Rochelle Code, art II, § 213-5 [E] [emphasis supplied].) The term “unnecessary noise” is defined in section 213-4 of the statute, which states, in pertinent part:
“An unnecessary noise shall mean any excessive or unusually loud sound or any sound which either annoys, disturbs, *196 injures or endangers the comfort, repose, health, peace or safety of a considerable number of persons * * * standards to be considered in determining whether unnecessary noise exists include but are not limited to the following:
“(1) The volume of the noise.
“(2) The intensity of the noise.
“(3) Whether the nature of the noise is usual or unusual ^ ^ $
“(5) The volume and intensity of the background noise, if any.
“(6) The proximity of the noise to residential sleeping facilities.
“(7) The nature and the zoning district of the area within which the noise emanates.
“(8) The time of day or night the noise occurs.
“(9) The time duration of the noise.
“(10) Whether the sound source is temporary.
“(11) Whether the noise is continuous or impulsive.
“(12) The presence of discrete tones.”
Analyzing the ordinance under the two-pronged test of due process leads the court to conclude that the statute herein does not provide fair notice to a person of average intelligence nor does it provide sufficiently clear standards to those charged with enforcing it, because the terms used to define “unnecessary noise” are not explicit enough, but are instead capable of subjective measurement and/or interpretation. One of the terms that requires such measurement and/or interpretation is “considerable number of persons” (Code § 213-4). Though a person of reasonable intelligence can surmise that the term does not refer to one or two people, it is definitely not explicit whether it refers to 3, 4 or 10 people, for example. And it also does not specify whether the requisite number of people have to be annoyed, disturbed, etc., all at once, or does the statute contemplate a violation if several neighbors complain at different times.
Likewise, the statute fails to objectify what volume or intensity of noise, for example, or what duration of the noise would constitute the kind of noise disturbance that would annoy, disturb, etc., a reasonable person of normal sensibilities. Thus, while the ordinance provides elements to be considered, it still leaves it up to the particular police officer investigating a complaint to determine whether there has been a violation *197 by reference to his/her own concept of reasonability. (See, People v Kleber, 168 Misc 2d 824 [Muttontown Just Ct 1996] [village ordinance regarding dog barking unconstitutionally vague because it did not prescribe an objective standard and would permit conviction on the subjective views of any person]; People v Flinn, 130 Misc 2d 877 [Erie County Ct 1986] [ordinance unconstitutionally vague because police officer is one who must determine what is proper or improper by his own standards of reasonability].)
The People have cited the case of People v Bakolas (59 NY2d 51 [1983], supra) in support of their position, noting that the Court of Appeals upheld the ordinance therein, which the New Rochelle ordinance mirrors. The People, however, fail to recognize that in Bakolas the Court was persuaded that the statute was not unconstitutionally vague because the added requirement of intent or reckless disregard sufficiently narrowed the definition of “unreasonable noise”. No such qualifier exists in the New Rochelle ordinance. Defendant, on the other hand cites People v Frie (169 Misc 2d 407 [Suffolk Dist Ct 1996], supra) in support of his claim. In Frie, the court upheld a section of the Town Code which proscribed noise disturbance from a barking dog. The People argue that the Frie court upheld the statute therein based on a provision which objectified the standard by not allowing enforcement based upon the complaint of a single neighbor. They thus claim that the New Rochelle ordinance should likewise be upheld because it requires a showing that a “considerable number of persons” (Code § 213-4) has been affected by the animal noise, not just one person. However, the court disagrees with the People’s reading of the decision. The Frie court upheld the statute based not only on the fact that the statute defined “noise disturbance” in terms of the standard of a reasonable person of normal sensitivities, but because it was additionally addressed to the specific context of barking dogs and further objectified the standard by setting a time period required to find a noise disturbance — i.e., 15 minutes within a 1-hour period.
Unlike the statute in Frie (supra), New Rochelle Code § 213-5 (E) provides no objectified standard. While the People are correct that a time limitation is not required for a noise ordinance to withstand judicial scrutiny, some objective measure such as time, decibel or volume reading, or minimum number of persons who would constitute a “considerable number” should be set forth in order to further clarify the standard.
*198 Consequently, the court finds that the New Rochelle ordinance is constitutionally void for vagueness and the charges against defendant must be dismissed.