2002 ME 52

## TOWN OF BALDWIN

v.

## Kari CARTER.

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2001.
Decided: April 8, 2002.

David A. Lourie, (orally), Cape Elizabeth, Ronald J. Graff, Steeves & Graff, Standish, for plaintiff.

John C. Bannon, (orally), Timothy H. Boulette, Murray Plumb & Murray, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Kari Carter appeals from a judgment entered in the District Court (Bridgton, *Powers, J.*) in favor of the Town of Baldwin, concluding that Carter violated the Town's Barking Dog Ordinance. Carter contends that the ordinance is unconstitutionally vague because it fails to provide sufficient notice to dog owners about the degree of barking that constitutes a violation. We are unpersuaded by Carter's contention and affirm the judgment.

[¶ 2] The facts are not in dispute. The Town enacted its Barking Dog Ordinance in 1997, which provides as follows:

No owner or keeper of any dog kept within the legal limits of the Town of Baldwin shall allow such dog to unnecessarily annoy or disturb any person by continued or repeated barking, howling, or other loud or unusual noises anytime day or night.

Baldwin, Me., Barking Dog Ordinance 1 (Mar. 8, 1997).[1]

[¶ 3] Carter held a valid license from the Town to operate a kennel and had sixteen dogs on her property. The dogs were kept in an outdoor caged kennel as well as an interior space. The Town received several complaints about Carter's dogs and sent Carter a notice of complaint by certified letter in July of 2000 stating that the Town would take action if the continual barking was not corrected within ten days. Neighbors, who resided 300 to 800 feet away from Carter's home, made additional complaints against Carter for continual dog barking in violation of the ordinance in September and October of 2000. One neighbor submitted a thirty minute long video tape on which dog noises coming from Carter's kennel about 800 feet away could be heard inside the neighbor's house.

[¶ 4] After receiving a telephone call from a neighbor complaining about Carter's barking dogs, whose barking he could hear over the telephone, the Town's animal control officer investigated and concluded that a violation had occurred. The Town brought a complaint pursuant to M.R. Civ. P. 80H alleging that Carter violated the Barking Dog Ordinance.

[¶ 5] At her trial, Carter argued that she did not have proper notice of the charges against her because the ordinance is unconstitutionally vague. The court rejected her contention and held that the ordinance "places an owner sufficiently on notice that significant, ongoing noise may be a violation of the statute if it is unnecessary noise and further disturbs or annoys someone at any time." The court concluded that intermittent or short term dog noises do not constitute violations of the ordinance and the plain meaning of "continued or repeated" is understandable by a dog owner of reasonable intelligence. The court further reasoned that the use of the word "unnecessary" sufficiently limited the ordinance to situations where the barking was not necessary, such as "a natural response to a particular stimulus, or for instance, a warning to occupants of a burning building."

[¶ 6] After deciding that the ordinance was not vague, the court found that "the barking went on for a period of minutes to a period of hours" on various occasions. It concluded that Carter kept dogs which barked and howled unnecessarily for continual and repeated durations, and disturbed and annoyed neighbors on numerous occasions after Carter had been given written notice to cease the unlawful barking. The court fined her $50 and awarded the Town $3,524.33 in attorney fees. This appeal by Carter followed.

■■■ [¶ 7] Carter challenges the constitutionality of the Town's Barking Dog Ordinance on the grounds of vagueness. Although she does not assert that the ordinance is unconstitutionally vague as applied to her, she contends that the ordinance is impermissibly vague on its face because there are no objective standards for determining whether a dog's barking is

---

1. The ordinance further provides that:

Upon written complaint by the person disturbed, ... any ... duly qualified ... person acting in that capacity of the Town of Baldwin may investigate and may give written notice to the owner or keeper of such dog that such annoyance or disturbance must cease.... Thereafter, upon continuance of such annoyance or disturbance, such owner shall be guilty of a civil violation and upon conviction thereof shall be punished by a fine of $50 for the first offense.... All fines so assessed and attorney fees shall be recovered for the use of the Town of Baldwin through District Court. Baldwin, Me., Barking Dog Ordinance 1 (Mar. 8, 1997).

"unnecessary" or "continued or repeated" or "annoys or disturbs" a person.[2]

■ [¶ 8] A facial challenge in this context means that Carter is claiming that the ordinance is "invalid in toto—and therefore incapable of any valid application." *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). When reviewing a facial challenge to an ordinance, if the ordinance implicates no constitutionally protected fundamental liberties, such as freedom of speech or religion, courts "should uphold the challenge only if the enactment is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). Because none of Carter's fundamental liberties are implicated by this ordinance, we review the constitutionality of the ordinance to see if it can apply under any set of circumstances.[3] *See id.* at 495–97, 102 S.Ct. 1186

(if the ordinance can be properly applied to anyone, even if only in one particular, discrete situation, then the ordinance is constitutional). We conduct this limited review de novo. *See State v. Weeks*, 2000 ME 171, ¶¶ 7–10, 761 A.2d 44, 46–47 (considering a vagueness challenge without deference to the conclusion of the trial court).

■ [¶ 9] "A statute is presumed to be constitutional and the person challenging the constitutionality has the burden of establishing its infirmity." *Kenny v. Dep't of Human Servs.*, 1999 ME 158, ¶ 7, 740 A.2d 560, 563. If at all possible, we will construe the statute to preserve its constitutionality. *Maine Milk Producers, Inc., v. Comm'r of Agric.*, 483 A.2d 1213, 1218 (Me.1984); *see also State v. Cropley*, 544 A.2d 302, 304 (Me.1988) ("this Court is bound to avoid an unconstitutional interpretation of a statute if a reasonable inter-

---

2. In support of her claim, Carter refers to the ordinance challenged in *People v. Frie*, 169 Misc.2d 407, 646 N.Y.S.2d 961 (N.Y.Dist.Ct. 1996), as the ideal barking dog ordinance. In that case, the court upheld as constitutionally sound a provision prohibiting a "noise disturbance from a barking dog," which was in turn defined as "a dog barking for fifteen (15) minutes in any one-hour interval." *Id.* at 963–64. Carter asserts that the Town's ordinance can only be saved by objectively quantifying the phrases "unnecessarily annoy any person" and "continued or repeated." We disagree.

Objective quantification, mathematical certainty, and absolute precision are not required by either the United States Constitution or Maine Constitution. *Davis v. Sec'y of State*, 577 A.2d 338, 341 (Me.1990). Although it is preferable that a legislative body "speak in precise and pellucid language, failure to meet that Olympian standard does not make its enactments void for vagueness." *Maine Milk Producers, Inc. v. Comm'r of Agric.*, 483 A.2d 1213, 1221 (Me.1984). *See, e.g., Town of Pownal v. Emerson*, 639 A.2d 619, 621 (Me. 1994) (refusing vagueness challenge for failure of statute to define term "unserviceable");

*Tri–State Rubbish, Inc., v. Town of New Gloucester*, 634 A.2d 1284, 1287 (Me.1993) (refusing to find provision in ordinance requiring "reasonable compliance" as unconstitutionally vague); *Gorham v. Town of Cape Elizabeth*, 625 A.2d 898, 900–01 (Me.1993) (ordinance that allowed conditional use permit as long as proposed use did not "adversely affect" value of adjacent properties was not unconstitutionally vague); *Maine Real Estate Comm'n v. Kelby*, 360 A.2d 528, 532 (Me.1976) (holding regulation of standards of conduct for real estate professionals not unconstitutionally vague for lack of delineation of precise instances of proscribed conduct). Given the nature of the subject matter, formulating a specific and precise ordinance regulating annoying dog barking is a difficult task. So long as the ordinance notifies the public of the conduct it proscribes, an ordinance regulating this nuisance may utilize general language.

3. Because Carter asserts "that the law is impermissibly vague in all of its applications," she has standing to make this challenge. *Village of Hoffman Estates*, 455 U.S. at 497, 102 S.Ct. 1186.

pretation of the statute would satisfy constitutional requirements") (quoting *Bossie v. State*, 488 A.2d 477, 479 (Me.1985)). In order to succeed in her appeal, Carter must prove that "no logical construction can be given to the words of [the Barking Dog Ordinance] that will make it constitutional." *Maine Milk Producers, Inc.*, 483 A.2d at 1218.

■ [¶ 10] Concepts of due process flowing from both the Fourteenth Amendment of the United States Constitution and Article I, § 6–A, of the Maine Constitution, require that those subject to sanction by law be given "fair notice of the standard of conduct to which they can be held accountable." *Weeks*, ¶ 7, 761 A.2d at 46 (quoting *United States v. Robinson*, 137 F.3d 652, 653 (1st Cir.1998)); *Maine Real Estate Comm'n v. Kelby*, 360 A.2d 528, 531 (Me.1976) (applying void-for-vagueness doctrine to civil regulation of conduct). An ordinance is improperly vague "when its language either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess at its meaning," *City of Portland v. Jacobsky*, 496 A.2d 646, 649 (Me.1985), or if it authorizes or encourages arbitrary and discriminatory enforcement, *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

■ [¶ 11] We find persuasive the reasoning of the Court of Appeals of Arizona in *State v. Singer*, 190 Ariz. 48, 945 P.2d 359 (Ct.App.1997). In *Singer*, the defendant claimed that a dog barking ordinance providing that "[n]o person shall keep a dog within the City limits which is in the habit of barking or howling or disturbing the peace and quiet of *any person* within the City" was unconstitutionally vague because it did not provide objective standards for determining if a violation had occurred, *id.* at 361–62 (emphasis added), the same argument that Carter makes in this case. The *Singer* court gave the ordinance a reasonable construction that made it constitutional. *Id.* at 362. The court found inherent in the phrase "any person" a "presumption that such person be a reasonable one." *Id.* Construing the ordinance in this manner rendered it constitutional, because the offensive barking was now capable of objective measurement. *Id. See also Hernandez v. Richard*, 772 So.2d 994, 997 (La.Ct.App.2000) (construing noise ordinance to proscribe only objectively unreasonable noises to overcome constitutional infirmity of being vague); *State v. Friedman*, 304 N.J.Super. 1, 697 A.2d 947, 950 (1997) (upholding a noise ordinance against a facially unconstitutional vagueness challenge, by interpreting the statute as proscribing only objectively unreasonable noises).[4]

4. Carter relies on *City of Edina v. Dreher*, 454 N.W.2d 621 (Minn.Ct.App.1990), *People v. Donato*, 179 Misc.2d 192, 684 N.Y.S.2d 394 (N.Y.Civ.Ct.1998), *People v. Kleber*, 168 Misc.2d 824, 641 N.Y.S.2d 488 (N.Y.Civ.Ct. 1996), *City of Spokane v. Fischer*, 110 Wash.2d 541, 754 P.2d 1241 (1988), and *State v. Ferraiolo*, 140 Ohio App.3d 585, 748 N.E.2d 584 (2000), as support for her position. In each of these cases, the courts held that the ordinance in question was impermissibly vague because the determination as to whether a violation of the ordinance occurred was left to the subjective determination of a particular citizen or group of citizens. *Dreher*, 454 N.W.2d at 623–24; *Donato*, 684 N.Y.S.2d at 397; *Kleber*, 641 N.Y.S.2d at 498; *Fischer*, 754 P.2d at 1243; *Ferraiolo*, 748 N.E.2d at 586–88. Although there are similarities in the ordinances reviewed in those cases with the ordinance in this case, those decisions are unpersuasive. The courts in those cases did not give the ordinance being reviewed a construction that would have allowed the ordinance to overcome its constitutional infirmity, where such a construction possibly existed. *See Ferraiolo*, 748 N.E.2d at 586–88 (did not consider saving); *Donato*, 684 N.Y.S.2d at 396–98 (same); *Kleber*, 641 N.Y.S.2d at 498 (finding the ordinance unsusceptible of an interpretation that could overcome its consti-

[¶ 12] As in *Singer*, the Town's ordinance in this case can be construed to be constitutional by importing a reasonable person standard into its language. *See State v. Davenport*, 326 A.2d 1, 5–6 (Me. 1974) ("[c]ourts must construe legislative enactments so as to avoid a danger of unconstitutionality"). We interpret the Town's ordinance in this case to mean that continuous or repeated dog barking that is unnecessary is actionable only if it is unreasonable. The ordinance only proscribes barking that disturbs the comfort of ordinary people to an unreasonable extent. The inquiry must determine whether the noise would disturb a person of ordinary sensibilities; that is, the barking, or howling, or other loud or unusual noise must be annoying or disturbing to a reasonable person, not merely to some supersensitive or hypercritical individual.

[¶ 13] "Reasonableness" is a well defined concept under the common law. *Tri–State Rubbish, Inc.*, 634 A.2d at 1287 (" 'Reasonable' compliance is not an unconstitutionally vague concept. If it were, most tort law doctrines and a host of other legal standards would be invalid—the reasonable person, beyond reasonable doubt, reasonable good faith efforts, etc."); *State v. Sylvain*, 344 A.2d 407, 409 (Me.1975) (holding that statute was not impermissibly vague because its proscription against objectionable and unreasonable noise was "framed in words of common use and understanding. Only ... noises ... [that] offend the sensibilities of the hearing public to an *unreasonable* degree are prohibited"); *Charlton v. Town of Oxford*, 2001 ME 104, ¶ 36, 774 A.2d 366, 377 (that the "interference ... was of such a nature, duration or amount as to constitute *unreasonable interference* " is a necessary element of the common law cause of action for private nuisance) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 87, at 622–23 (5th ed.1984)) (emphasis added). Because "reasonableness" is well defined under the common law the Town's ordinance is not vague. *See Davenport*, 326 A.2d at 6 (when the meaning of the words used in a statute can be fairly ascertained by reference to the common law and to judicial determinations the ordinance is not void for vagueness).

[¶ 14] Moreover, the ordinance contains three other restrictions which add clarity to its meaning and set forth an ascertainable standard of guilt. The phrase "continued or repeated" means something more than incidental barking.[5] Intermittent or short term dog noises do not constitute violations of the ordinance. The barking has to occur over a sustained duration, or over and over again for a sustained period of time. *See City of Lebanon v. Wergowske*, 70 Ohio App.3d 251, 590 N.E.2d 902, 904 (1991) (upholding ordinance prohibiting persons from keeping a dog which causes annoyance to the neighborhood because the ordinance also contained "qualifying words 'loud,' 'frequent'

---

tutional infirmities); *Fischer*, 754 P.2d at 1241–43 (did not consider saving); *Dreher* 454 N.W.2d at 623–24 (same). We will strike down an ordinance for being impermissibly vague only if no logical construction can be given the words of the statute that will make it constitutional. *Maine Milk Producers, Inc.*, 483 A.2d at 1218. Because the Town's ordinance is capable of being interpreted so as to overcome its infirmities we give it that construction.

5. In general the word "continued" means "an act or event that is uninterrupted ... enduring." BLACK'S LAW DICTIONARY 316 (7th ed.1999). Repeated means "renewed or recurring again and again." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1924 (1981).

and 'habitual,' which clarify the ordinance"). The word "unnecessary" also aids in defining the standard of guilt under the ordinance. In *Sylvain*, we explained that the° statue in that case "recognize[d] the occasional necessity of highway noise of such unusual and unpleasant intensity" by proscribing only "unnecessary" signaling and braking. 344 A.2d at 408–09. Like in *Sylvain*, the Town's ordinance recognizes the occasional necessity of "continued or repeated" dog barking and howling that will disturb a reasonable person. The use of the word "unnecessary" is an accommodation of the public interest in freedom from unreasonable barking with the occasional necessity of barking under some circumstances. For example, a dog may bark to alert an occupant of a burning building, and this barking is not proscribed by the ordinance. Furthermore, that the Town gives warning to the dog owner before seeking a court order enforcing the ordinance affords the owner an additional procedural protection.

■ [¶ 15] "[T]he familiar language employed in the [Town's Barking Dog Ordinance] conveys a sufficiently accurate concept of what is forbidden." *Id.* at 409. The ordinance is not unconstitutionally vague.[6]

The entry is:

Judgment affirmed.

---

6. Because Carter only asserts that the ordinance is facially vague, we do not need to determine whether the ordinance was properly applied to her. Nonetheless, it was not unreasonable of Carter's neighbors to be annoyed by the continued and unnecessary barking of her dogs. Carter housed sixteen dogs whose barking could be heard by neighbors 800 feet away uninterrupted for hours at a time. An investigator could even hear the barking over the telephone while speaking with a complainant. This clearly is enough to offend the sensibilities of a reasonable person.