STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-19
SKS - KEN - 1/6/2004

HAROLD A. KROEGER,

Petitioner

v.

DECISION ON APPEAL

STATE OF MAINE,
DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JAN 29 2004

This matter comes before the court on the petitioner's request for review of final agency action by the Department of Environmental Protection (DEP) pursuant to M.R. Civ. P. 80C. Petitioner Kroeger applied for a permit to construct a pier in front of his property on Somes Sound in the town of Mount Desert. Kroeger appeals both the DEP denial of that application and the DEP's return to him of an application submitted pursuant to another administrative route. Both appeals will be denied.

## Procedural Background

On March 25, 2002, the petitioner submitted an application to the DEP pursuant to 38 M.R.S.A. §§ 480-A-Z (Natural Resources Protection Act, hereinafter NRPA). The proposed wooden pier would have been 160 feet long and six feet wide with a 48 foot long and four foot wide aluminum ramp leading to a 48 foot long and 14 foot wide wooden float. This proposed pier would have rested on three granite cribs as it extended into the tidal waters. This application was opposed by the neighbors and the town of Mount Desert.

Sometime after May 7, 2002, the petitioner submitted a revised application that would have reduced the pier to 145 feet in length. In a letter dated June 13, 2002, the

DEP passed on to the petitioner the concerns of nine neighbors who had written in opposition, along with a request that the petitioner consider alternatives to construction of a pier or reduction of the size of the project. On September 12, 2002, the petitioner submitted a second revised plan reducing the pier to 110 feet in length and eliminating one granite support.

By letter dated January 30, 2003, the petitioner's present attorney entered his appearance before the DEP and, expecting an imminent draft decision from the Department, requested until February 28, 2003, to comment upon the draft order. That draft order was conveyed by cover letter dated February 4, 2003.[1]

While the period for comment on the draft order was still in effect, on February 20, 2003, the DEP received from Mr. Kroeger a "Permit By Rule" application to construct a pier of the same dimensions but supported by piling rather than granite crib work. On February 8, 2003, petitioner Kroeger submitted his comments on the draft decision. On March 3, 2003, the DEP returned Kroeger's application and application fee for the Permit By Rule, noting that the Department was still reviewing his first application and that there was credible evidence that the project may not meet the standards of the NRPA. On March 5, 2003, the DEP issued its decision denying the application for the private recreational pier on Somes Sound. Kroeger filed a timely appeal from this decision and from the denial of processing of his application for Permit By Rule.[2]

---

[1] The memorandum is mistakenly dated February 4, 2002.

[2] By letter dated March 6, 2003, the petitioner attempted to withdraw his application for the granite crib-supported pier. The reason for the attempted withdrawal is unclear other than to attempt to avoid the impending denial. However, the withdrawal was too late to be effective since the application was denied on the day before. The court does not find that the attempted withdrawal affects the petitioner's right to appeal.

## Discussion

## Motions to Strike

Before considering the merits, it is necessary to consider the motions by intervenor/respondent Butt to strike a photograph and newspaper article that the petitioner attempted to present as part of his brief. Respondent Butt argues that the photo and article are an attempt to introduce new evidence into the record at the appellate stage. Petitioner Kroeger responds that the aerial photo is merely a visual aid consistent with M.R. Evid. 616(a). Petitioner may be correct that the photo would have been admissible, but only if it had been presented at the Department hearing stage rather than after appeal. The same holds true for the newspaper article. The Rules of Evidence have nothing to do with attempts to introduce evidence beyond that contained in the record to which the judicial review generally is limited. M.R. Civ. P. 80C(d). The motions to strike are granted.

## Permit By Rule Application

Also as a preliminary matter, the court will consider the petitioner's attempted appeal of his Permit By Rule application. Petitioner argues that the DEP's return of his application without further consideration is final agency action from which appeal pursuant to Rule 80C should be allowed. On the other hand, the Department argues that no final decision was made and an appeal would be premature.

The Permit By Rule program is created under the NRPA (06-096 CMR 305.1) to allow streamlined processing of applications for permits for certain types of activities meeting certain standards listed in the regulations. The end product – the permit – is the same whether it is issued pursuant to the Permit By Rule or as the result of a full, individual NRPA application. In setting up the streamlined Permit By Rule procedure, the regulations reserve to the DEP the discretionary authority to require the applicant to

use the full individual permit application process instead of the rule process if there is "credible evidence" that the activity might violate standards of the NRPA, lead to significant environmental impact or adversely impact a resource of special concern. 06-096 CMR 305.1(d). In exercising this discretion, by returning petitioner's Permit By Rule application, the DEP was not denying a permit for construction of the revised pier, but merely returning the application in the event that the petitioner should want to pursue the full application process. Given the fact that the Department was still considering and had indicated concerns about violation of the standards of the NRPA with regard to the application for the granite crib-supported pier in the same location, this decision to require the full process was not an abuse of discretion. As a result, there was no final agency action, and the attempt to appeal the Department's return of the application will be dismissed.

## Merits

Some of the petitioner's arguments on the merits attack the constitutionality of the legislative delegation authority to the DEP to administer the NRPA and the resulting regulations on constitutional bases. Respondent Butt argues that the constitutional issues were never raised before the DEP and therefore should be dismissed for failure to preserve them before the agency. *New England Whitewater Center, Inc. v. Department of Inland Fisheries & Wildlife,* 550 A.2d 56 (Me. 1988). Kroeger responds that the *New England Whitewater* holding should be limited to constitutional issues such as due process and should not include other constitutional arguments, such as the validity of statutes over which the agency would have no jurisdiction. While Kroeger's argument has merit, the *New England Whitewater* decision contains no such refinement, and this court concludes that the failure to preserve this constitutional issue

should lead to its dismissal on appeal. However, since this issue is not entirely clear cut, the court will consider the merits in the alternative.

## Delegation of Authority

The petitioner first argues that the delegation of authority by the legislature to the DEP contained in 38 M.R.S.A. § 480-D(1) & (3) – the authority used by the DEP in this case – is unconstitutional. In support, petitioner argues that when delegating authority, the legislature must provide adequate guidance for the exercise by the agency of its discretion. *Kosalka v. Town of Georgetown*, 2000 ME 106, ¶ 11, 752 A.2d 183, 186. Those portions of the statute require the DEP to determine first whether the "activity will not unreasonably interfere with existing scenic, aesthetic, recreational or navigational uses" (480-D(1)) or whether "the activity will not unreasonably harm any significant wildlife habitat, . . . estuarine or marine fisheries or other aquatic life." (480-D(3)). The petitioner fails to find any sort of guidance, particularly for terms "unreasonably interfere" and "unreasonably harm" necessary to make the delegation constitutional. On the contrary, when one looks at the delegations in context, considering the standards which are given in combination with the entire statutory scheme and procedural safeguards, it is clear that the legislature has provided reasonable guidance. *Murphy v. BEP*, 615 A.2d 255, 259 (Me. 1992). Statutes are presumed to be constitutional. *Town of Baldwin v. Carter*, 2002 ME 52, ¶ 9, 794 A.2d 62; *Kenny v. Dept. of Human Services*, 1999 ME 158, ¶ 7, 740 A.2d 560, 563 (Me. 1999). The key is to look at the legislative scheme as a whole to determine whether there is sufficient guidance in the nature of direction that the agency act according to basic policy determinations by the legislature and safeguards to prevent the agency from exercising its discretion arbitrarily. *Lewis v. State*, 433 A.2d 743 (Me. 1981). In the present case, the legislature's purpose is clear from the preamble and context of the act

and review procedures are built into the statute and regulations. Therefore, the delegation of authority to the DEP was not unconstitutional.

## Regulatory Vagueness

The petitioner also argues that the regulations promulgated by the DEP in accordance with the NRPA are constitutionally void for vagueness. Here, the petitioner points to *Kosalka* and *Stewart v. Town of Sedgwick*, 2002 ME 81, 797 A.2d 27, for the proposition that laws and regulations requiring permit applicants to demonstrate some general purpose, such as conserving natural beauty, are void for vagueness. In the present case, the petitioner points specifically to regulations requiring "unreasonable harm" and "unreasonable interference" as being vague because the term "unreasonable" is not defined. In another example, the petitioner argues that the term "practicable alternative" is undefined. However, broadening the focus of examination from the individual term to the entire legislative and regulatory scheme and its intended public policy, the court finds that these terms, as used, are susceptible of common understanding and are not vague.

## Substantial Evidence

Finally, the petitioner argues that the DEP's decision was not supported by substantial evidence in the record and was arbitrary and capricious. With regard to this argument, it is helpful to state the standard of review. "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555. In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record."

*Imagineering v. Supt. of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *C.W.C.O., Inc. v. Supt. of Ins.*, 703 A.2d 1258, 1261 (Me. 1997). Furthermore, factual determinations must be sustained unless shown to be clearly erroneous (*Imagineering*, 593 A.2d at 1053) and "a party seeking review of an agency's findings must prove they are unsupported by any competent evidence." *Maine Bankers Assoc. v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996).

In the present case, the DEP has received copious evidence from a variety of parties including sometimes contradictory consultants' reports. Based on this plethora of information, the Department issued a detailed, substantial, seven-page order covering each of the various considerations and the basis for the Department's decision. Based on this evidence, the Department could have approved the permit application and that approval would likely have withstood appeal. However, that is not to say that the record does not also support the action the Department did take in denying the application. The petitioner has failed to prove that there is no evidence of record to support the DEP's findings and the court finds no abuse of discretion in that decision.

For the reasons stated above, the entry will be:

(1)     Respondent's motions to strike are GRANTED.
(2)     Petition to review the Department of Environmental Protection's decision not to entertain the petitioner's "Permit By Rule" application is DISMISSED.
(3)     Petitioner's appeal of his individual full application is DENIED  and REMANDED to the Department.

Dated: January _6_, 2004

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed ___3/2/03___  **Kennebec**_____  Docket No. _AP03-19_____
                                    County

Action _____80C Appeal_____

# J. STUDSTRUP

Harold Kroeger                                State of Maine,
                                              Depart. of Enviromental Protection

                                    vs.

| Plaintiff's Attorney. | Defendant's Attorney |
|---|---|
| Gregory Cunningham, Esq.<br>PO Box 9729<br>Portland ME 04104-5029<br>Theodore A. Small, Esq. | -Margaret Bensinger McCloskey, AAG<br> 6 State House Station<br> Augusta, Maine 04333-0006<br><br>-Brian Rayback Esq. (Butt)<br> One Monument Sq<br> Portland Maine 04101 |

| Date of Entry | |
|---|---|
| 4/3/03 | Complaint-Petition for Review of Final Agency, filed.  s/G. Cunningham, Esq<br>(filed 4/2/03) |
| 5/2/03 | Certification of Record, filed. s/McCloskey, AAG<br>Index to Record, filed. |
| 5/7/03 | Notice of briefing schedule mailed to attys of record. |
| 6/12/03 | Brief of Petitioner Harold Kroeger, filed. s/Cunningham, Esq. |
| 7/7/03 | Motion to Intervene and Incorporated Memorandum of Law with attachments and<br>Proposed Order, filed.  s/B. Rayback, Esq. |
| ------- | Notice of Appearance of Matthew Manahan, Esq. and Brian Rayback, Esq. on<br>behalf of party-in-interest Charles Butt, filed. |
| **7/11/03** | Letter from attorney Cunningham indicating that the Plaintiff has no<br>objection to the motion to intervene, filed. |
| 7/14/03 | Brief of Respondent Charles Butt, filed.  s/B. Rayback, Esq. |
| 7/14/03 | Respondent's Motion for Enlargement of Time in Which to File Brief,<br>filed.  s/M. McCloskey, AAG |
| 7/16/03 | Brief of Respondent State of Maine, Department of Environmental Protection<br>filed. s/McCloskey, AAG |
| 7/21/03 | Exhibit "6" attached to record as requested. |
| 7/21/03 | MOTION TO INTERVENE, Studstrup, J.<br>Movant, Charles Butt, is permitted to intervene for all purposes as a<br>party-respondent.  Mr. Butt's responsive brief shall be filed on or<br>before July 14, 2003.<br>Copies mailed to attys of record. |
| 7/21/03 | RESPONDENT'S MOTION FOR ENLARGEMENT, Studstrup, J.<br>Motion granted.  One additional day allowed for respondent's brief to<br>be filed.<br>Copies mailed to attys of record. |
| 7/29/03 | Reply Brief of Petitioner Harold A. Kroeger, filed. s/Cunningham, Esq.<br>Petitioner's Motion for Enlargement of Time in Which to File Brief,<br>filed. s/Cunningham. Esq. |