STATE OF MAINE
HANCOCK, ss:

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-09-11

$KMC$ $-HAN-$ $3/12/2010$

EUGENE E. AUBRY and
JANET C. AUBRY[1],

      Plaintiffs,

      v.

**DECISION AND ORDER**

TOWN OF MOUNT DESERT,
NANCY STANLEY BRICKLEY, and
SUSAN S. STANLEY,

      Defendants

RECEIVED & FILED

MAR 12 2010

HANCOCK COUNTY
COURTS

This matter is before the Court on an appeal filed by or on behalf of plaintiffs, Eugene and Janet Aubrey, pursuant to M.R. Civ.P. 80B. Oral Argument was presented on January 15, 2010, at which Plaintiffs advised the Court that they were withdrawing the pending Motion for a Stay dated July 6, 2009, and which was characterized at argument as a Motion for a preliminary injunction.

## BACKGROUND

This matter involves a restaurant in the Northeast Harbor section of the Town of Mount Desert, which was purchased in 2006 by Kim P. Horton on condition that she gets a permit from the Town to upgrade and expand the facility. The restaurant had a conditional use permit that Horton sought to amend to expand and upgrade the restaurant. The Mount Desert Planning Board approved the amendment but added the condition that the last seating in the new patio section of the restaurant will be at 8:30 p.m. The conditional use permit requirement having been established as a condition of the purchase, Horton purchased the restaurant and made the approved changes in 2006, 2007.

---

[1] This case was originally captioned with Kim P. Horton as plaintiff, but by Motion granted January 13, 2010, there was a substitution of party plaintiffs with Eugene and Janet Aubry for Kim P. Horton.

1

In March of 2007, two abutters appealed the Planning Board decision because they had not been given the required notice of the public hearing held in October of 2006, on the requested Horton amendment to the Conditional Use Permit. The Planning Board denied the appeal but the Superior Court granted it. That decision was appealed to the Law Court, which appeal was dismissed as not representing a final judgment. The matter was remanded back to the Planning Board and a new hearing was held on March 24, 2009, after which a new amended Conditional Use Permit was granted.

The new amended Conditional Use Permit voided the amended Conditional Use Permit granted in 2006 and granted the new amended Conditional Use Permit as of 2009, which provided for the expanded use subject to the following conditions:

1. No music permitted in the outside areas after 10 PM.
2. Live music to be limited to a single non-amplified instrument.
3. Outside seating areas to be cleared of all patrons by 10 PM
4. Clearing of plates, glasses and silverware from outside seating areas to be completed no later than 10:30 PM.
5. Bottle removal/disposal to take place the next day after 7 AM.
6. Restaurant and bar to be open to the public no earlier than 11 AM and no later than 11 PM each day.
7. If in the judgment of the Board, these conditions prove ineffective in preserving the Town's and Neighborhood's character as stipulated in Section 6.9, the Board reserves the right to alter an amend these conditions; such alterations and conditions to be enacted no later than January 15, 2010[2]

Plaintiff(s) from the new amended decision of the Planning Board filed a timely appeal to the Mount Desert Zoning Board of Appeals and it was denied. This matter was then appealed by the Plaintiffs to the Superior Court pursuant to Rule 80B.

---

[2] At oral argument counsel for the plaintiffs acknowledged the ¶ 7 was moot since the Planning Board took no action by January 15, 2010.

2

## Legal Standard

When reviewing governmental action under M.R. Civ.P. 80B, the Superior Court reviews the operative decision of the municipality for "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Camp v. Town of Shapleigh*, 2008 ME 53, ¶ 9, 943 A.2d 595, 598 (quoting *McGhie v. Town of Cutler*, 2002 ME 62, ¶ 5, 793 A.2d 504, 505).

A Planning Board's decision is given deference and "[w]e will not substitute our own judgment for that of the Board." *Forbes v. Town of Southwest Harbor*, 2001 ME 9, ¶ 6, 763 A.2d 1183, 1186. The interpretation of a local ordinance, however, "is a question of law, and we review that determination de novo." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 16, 868 A.2d 161, 166.

The Land Use Zoning Ordinance of the Town of Mount Desert provides under Sec. 3.5 that a restaurant is a permitted use in the area where it is located. Further, Section 6 of the Ordinance, standard for uses and issuance of permits, states as follows:

"Sec. 6.9: Preserving the Town's Character. The proposed use shall be consistent with protecting the general character of the Town, conserving the natural beauty of the area and shall not tend to change the historical or cultural character of the neighborhood. Such use shall be similar to a use specified as P, CEO or C in Section 3.5

"Sec. 6.10: Nuisances: Notwithstanding any other standard in this section, the Planning board shall not issue any conditional use permit for any proposed use which if established would be obnoxious or offensive by reason of odors, dust, smoke, gas, fumes, vibration, noise or other objectionable features, nor for any use which would prove injurious to the safety and welfare of the neighborhood."

The Plaintiffs challenge the Ordinance as reflecting an error of law (*Camp v. Town of Shapleigh*, supra) and that it is unconstitutionally vague and an unconstitutional delegation of legislative authority. In dealing with these issues the Law Court has most recently advised in *Uliano v. Board of Environmental Protection*, 2009 ME 89, ¶15, 977 A.2d 400, 408, that

3

"To a significant degree, both vagueness and unlawful delegation challenges are concerned with the issue of definiteness. Thus, a statute is vague "when its language either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess at its meaning, or if it authorizes or encourages arbitrary and discriminatory enforcement." *Town of Baldwin v. Carter*, 2002 ME 52, P 10, 794 A.2d 62, 67. Similarly, legislation delegating discretionary authority to an administrative agency is unconstitutional if it fails to "contain standards sufficient to guide administrative action." *Lewis v. Dep't of Human Servs.*, 433 A.2d 743, 747 (Me. 1981). Indeed, vagueness and unlawful delegation are often raised simultaneously and properly treated as a single inquiry. See *Secure Environments, Inc. v. Norridgewock*, 544 A.2d 319, 321-24 (Me. 1988) (discussing whether an ordinance was "impermissibly vague, and thus represent[ed] an unconstitutional delegation of legislative authority"). Such is the case here."

The Uliano case dealt with 'scenic and aesthetic uses' as defined by statute or their plain meaning. The case of Kosalka v Georgetown, 2000 ME 106, 752 A.2d 183, (referenced in Uliano) involved a requirement of 'conserving natural beauty'. Here, the standard in §6.9 is again to conserve the natural beauty and to not change the historical or cultural character. §6.10 provides as a standard of not issuing permits if the use would be obnoxious or offensive in terms of odors, dust, smoke, gas, fumes, vibration, noise or other objectionable features.

There is another line of cases which follows the admonition that "objective quantification, mathematical certainty, and absolute precision are not required by either the United States Constitution or Maine Constitution. *Davis v. Sec'y of State*, 577 A.2d 338, 341 (Me. 1990)". Those cases are referenced in *Town of Baldwin v. Carter*, 2002 ME 52, P7, 794 A.2d 62, 66 n.2. The *Davis* case involved a claim that a criminal statute was void for vagueness. In that case the Court affirmed that the standard is "whether a person of ordinary intelligence could reasonably understand what conduct is prohibited by the regulation." Davis, surpa at 341.

4

While it is true that there is a heavy burden in overcoming the constitutionality of a statute, *State v. Cropley* 544 A.2d 302, 304 (Me. 1988), the standard is still ordinary intelligence and reasonable understanding.

If one were seeking a permit under Mount Desert Ordinance before this Court, to whom does one look to interpret or quantify what these standards mean? On whose judgment is the citizen or the Town to rely in determining whether what is heard, smelled or seen is obnoxious, offensive or offends the natural beauty? While the language is warm and reassuring, that language provides no definiteness against which a citizen might weigh or balance the proposed use with reasonable likelihood that the Ordinance standard can or will be satisfied. The Court finds that the standards set out in Sections 6.9 and 6.10 of the Land Use Zoning Ordinance of Mount Desert are unconstitutionally vague such that it would not be possible for a person of common intelligence to reasonably understand what conduct is required. They are declared void. The appeal is granted and it is Ordered that the Conditional Use Permits issued in 2006 and 2009 to plaintiffs or their predecessors are declared void and of no lawful force and effect.

This matter is remanded to the Mount Desert Zoning Board of Appeals, granting this appeal and Ordering that the Conditional Use Permits granted to appellants or their predecessors by the Planning Board in 2006 and 2009 for the property in question be set aside as void and the matter be remanded to the Mount Desert Planning Board to issue a conditional use permit, as may be necessary and authorized under the Land Use Zoning Ordinance of Mount Desert, consistent with the remaining Ordinance and this opinion.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

March 12, 2010

Kevin M. Cuddy
Justice, Superior Court

A TRUE COPY.
Attest_____
Clerk of Courts

5

Date Filed __6-25-09__ __Hancock__ Docket No. __AP 09-11__ *issued*
County

Action __80B appeal__

JUSTICE KEVIN M. CUDDY ASSIGNED

KIM P. HORTON dba
BASSA COCINA RESTAURANT

vs.

TOWN OF MOUNT DESERT,
NANCY STANLEY BRICKLEY and
SUSAN S. STANLEY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Clifford H. Goodall, Esq.<br>DYER GOODALL & DENISON<br>61 Winthrop St.<br>Augusta, ME 04330 | Durward W. Parkinson, Esq.<br>BERGEN & PARKINSON<br>62 Portland Rd, Suite 25<br>Kennebunk, ME 04043 |

| Date of Entry | |
|---|---|
| 6-25-09 | Petition for Review of Final Governmental Action Rule 80B M.R.Civ.P., dated 6-24-09, received and filed. |
| 6-25-09 | Notice and Briefing Schedule sent to Atty Goodall. |
| 7-6-09 | Pltf's Motion for Stay, dated 7-2-09, with attachments and proposed order, received and filed. |
| 7-13-09 | (Cuddy, J.<br>Teleconference with counsel held. After hearing, no action taken on motion for stay. Counsel to submit proposed briefing schedule and let court know. |
| 7-13-09 | Acceptance of service by Durward Parkinson, Esq. on behalf of Town of Mt. Desert, dated 7-2-09, received and filed. |
| 7-13-09 | Acceptance of service by Peter R. Roy, Esq. on behalf of Susan S. Stanley and Nancy Stanley Brickley, dated 6-26-09, received and filed. |
| 7-24-09 | Dft Mt. Desert's Motion to Enlarge, dated 7-23-09, received and filed. |
| 7-28-09 | Order on motion to enlarge, dated 7-28-09, entered. (Cuddy, J.<br>...Dfts to file their response to pltf's motion to stay simultaneously and in conjunction with their brief in the underlying 80B matter. |
| 8-3-09 | Copies of order sent to attys of record. |
| 8-12-09 | Agreed to Request to Amend Briefing Schedule, dated 8-10-09, received and filed. |
| 8-12-09 | Order, dated 8-12-09, entered. (Cuddy, J.<br>...is granted and the pltf shall file its brief and the administrative record within 85 days of 6-25-09. |
| 8-12-09 | Copies of order sent to attys of record. |
| 9/18/09 | Plaintiff's Rule 80B Brief filed. |
| 9/18/09 | Administrative Record filed by Plaintiff. |
| 10-19-09 | Rule 80B brief of Dft., Town of Mt.Desert, received and filed this date. |
| 10-20-09 | Letter from Atty Peter R. Roy - indicating that Nancy Stanley Brickley & Susan S. Stanley join in the Rule 80B brief of Dft Town of Mt Desert |

Date Filed ___6-25-09___ ___Hancock___ Docket No. _AP 09-11_ _~viseei~_

County

Action __80B appeal__

JUSTICE KEVIN M. CUDDY ASSIGNED

| | | |
|---|---|---|
| KIM P. HORTON dba<br>BASSA COCINA RESTAURANT | VS. | TOWN OF MOUNT DESERT,<br>NANCY STANLEY BRICKLEY and<br>SUSAN S. STANLEY |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Clifford H. Goodall, Esq.<br>DYER GOODALL & DENISON<br>61 Winthrop St.<br>Augusta, ME 04330 | Durward W. Parkinson, Esq.<br>BERGEN & PARKINSON<br>62 Portland Rd, Suite 25<br>Kennebunk, ME 04043 |

| Date of Entry | |
|---|---|
| 6-25-09 | Petition for Review of Final Governmental Action Rule 80B M.R.Civ.P., dated 6-24-09, received and filed. |
| 6-25-09 | Notice and Briefing Schedule sent to Atty Goodall. |
| 7-6-09 | Pltf's Motion for Stay, dated 7-2-09, with attachments and proposed order, received and filed. |
| 7-13-09 | (Cuddy, J.<br>Teleconference with counsel held. After hearing, no action taken on motion for stay. Counsel to submit proposed briefing schedule and let court know. |
| 7-13-09 | Acceptance of service by Durward Parkinson, Esq. on behalf of Town of Mt. Desert, dated 7-2-09, received and filed. |
| 7-13-09 | Acceptance of service by Peter R. Roy, Esq. on behalf of Susan S. Stanley and Nancy Stanley Brickley, dated 6-26-09, received and filed. |
| 7-24-09 | Dft Mt. Desert's Motion to Enlarge, dated 7-23-09, received and filed. |
| 7-28-09 | Order on motion to enlarge, dated 7-28-09, entered. (Cuddy, J.<br>...Dfts to file their response to pltf's motion to stay simultaneously and in conjunction with their brief in the underlying 80B matter. |
| 8-3-09 | Copies of order sent to attys of record. |
| 8-12-09 | Agreed to Request to Amend Briefing Schedule, dated 8-10-09, received and filed. |
| 8-12-09 | Order, dated 8-12-09, entered. (Cuddy, J.<br>...is granted and the pltf shall file its brief and the administrative record within 85 days of 6-25-09. |
| 8-12-09 | Copies of order sent to attys of record. |
| 9/18/09 | Plaintiff's Rule 80B Brief filed. |
| 9/18/09 | Administrative Record filed by Plaintiff. |
| 10-19-09 | Rule 80B brief of Dft., Town of Mt.Desert, received and filed this date. |
| 10-20-9 | Letter from Atty Peter R. Roy - indicating that Nancy Stanley Brickley & Susan S. Stanley join in the Rule 80B brief of Dft Town of Mt. Desert |