STATE OF MAINE
SAGADAHOC, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-2019-03

SAMUEL E. BURGESS III,  )
            Plaintiff,  )
                    )
                    )
      v.              )        **ORDER ON 80B APPEAL**
                    )
                    )
TOWN OF PHIPPSBURG,  )
            Defendant.  )

Pending before the court is the Plaintiff's 80B appeal of the Phippsburg Board of Selectmen's ("BOS") September 4, 2019 decision upholding the Harbor Commission's decision that moorings #215 and #216 were abandoned pursuant to Section 8(C) of the Harbor Ordinance of the Town of Phippsburg. The administrative record has been filed with the court and both parties have filed briefs.

**STANDARD OF REVIEW**

When the Superior Court acts as an appellate court under M.R.Civ.P. 80B, it must review directly the operative decision of the municipality, Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 4, 757 A.2d 773, 775, for "error of law, abuse of discretion or findings not supported by substantial evidence in the record," Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 8, 746 A.2d 368, 372 (internal quotations omitted). One seeking to overturn a decision such as the one at issue here has the burden of establishing that the evidence compels a contrary conclusion. Id. The court "may not ... substitute [its own] judgment for that of the Board." Tompkins v. City of Presque Isle, 571 A.2d 235, 236 (Me.1990). "If there is relevant evidence in the record to reasonably support the Board's conclusion, the fact that the record contains inconsistent evidence or inconsistent conclusions could be drawn from the evidence does not invalidate the Board's holding." Boivin, 588 A.2d at 1199. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." Camp vs. Town of Shapleigh, 2008 ME 53, ¶ 9, 943 A.2d 595, 598.

1

## DISCUSSION

As a preliminary matter, the court notes that the Harbor Master for the Town of Phippsburg, Douglas Alexander, is married to the Clerk of Court, with whom the undersigned works closely on a daily basis. The undersigned justice's only significant dealings with Mr. Alexander has been when he appeared before the court as a witness in an earlier proceeding. After careful consideration, the court does not believe that recusal is necessary or appropriate.

The only issue advanced by the Plaintiff in this 80B Appeal is that the Harbor Ordinance as written and applied is unconstitutional because it deprived him of his property interest in the two moorings without due process. The Plaintiff does not challenge the factual findings of the Harbor Commission; the conduct of the Commission's hearing; or argue that the findings are not supported by substantial evidence in the record.

In response, the Town chose not to address the substance of the Plaintiff's argument and instead advances an unhelpful argument, never raised below, that the Plaintiff's claim is moot. The Town's argument is completely without merit. If the Plaintiff's claims did not rely on a claim of unconstitutionality of a municipal ordinance, the court would be inclined to find that the Town had conceded the points advanced by the Plaintiff and enter judgment in his favor.

However, the court is required to interpret statutes and ordinances to avoid unconstitutionality, Town of Baldwin v. Carter, 2002 ME 52 ¶ 9, 794 A.2d 62, 66-67, and must attempt to do so in this case, despite the flaws in the Town's pleadings.

The Law Court has held that the operative decision on appeal is the decision of the tribunal of original jurisdiction – the fact finder and decision maker. Gensheimer v. Town of Phippsburg, 2005 ME 22, ¶7, 868 A.2d 161. In this case, the Harbor Commission was the fact finder with original jurisdiction. Section 13 of the Harbor Ordinance establishes that the Board of Selectmen acts only in an appellate capacity based on the evidence and record established before the Harbor Commission.

There is no doubt that State law and the Harbor Ordinance gave the Plaintiff a property interest in the location of his moorings. It also can't be disputed that both the U.S. and Maine Constitutions do not allow the deprivation of a person's property interest without due process – which is essentially notice and an opportunity to be heard.

2

Section 8 of the Harbor Ordinance governs Abandoned Moorings. In this case, it was found by the Harbor Commission, after a hearing, that the Plaintiff had abandoned his moorings pursuant to Section 8(C) which states that a mooring may be considered abandoned if "[t]he mooring has not been used for twelve (12) months."

The Plaintiff's argument is that Section 8(C) is constitutionally deficient because it does not require notice and opportunity to be heard before a mooring is considered abandoned. However, other sections of the ordinance do allow for due process.

Section 4 of the Harbor Ordinance governs the duties of the Harbor Commission. Section 4(D) state that "[t]he Harbor Commission shall sit as a Board of Appeals to hear appeals of any person aggrieved by any decision, act, or failure to act of the Harbor Master." That is exactly what happened in this case.

Concerned that someone was using one of his moorings, the Plaintiff contacted the Harbor Master in June 2019 and was told that his moorings were considered abandoned. The Plaintiff requested a hearing that was conducted on July 15, 2019. The Plaintiff appeared and was allowed to provide information and argument to the Commission. At that hearing, the Plaintiff admitted that the moorings had not been used since 2008. After considering the evidence presented at the hearing, the Harbor Commission determined that it agreed that moorings #215 and #216 had been abandoned.

As a matter of law, no determination that a mooring has been abandoned can be effective until the owner of the mooring is provided notice by the Harbor Master and provided an opportunity for a hearing. It is only when a party is informed of a determination of the Harbor Master that the party can be aggrieved and trigger the due process provisions outlined in Section 4(D) of the Harbor Ordinance. When that is done, the appeal process outlined in Section 4(D) is sufficient to meet the requirements of due process and to overcome the facial challenge to the Harbor Ordinance.

In this case, the Plaintiff was provided due process. After being told by the Harbor Master that his moorings were considered abandoned, a hearing was held by the Harbor Commission and the Plaintiff was allowed to present information and argument to the Commission. After consideration of all the information presented, the Harbor Commission made findings of fact; applied the provisions of the Harbor Ordinance to those facts; and reasonably concluded that the Plaintiff's moorings had in

3

fact been abandoned. This process was more than sufficient to satisfy the requirements of due process and, as a result, the Plaintiff's as applied challenge[1] also fails.

For these reasons, the decision of the Town of Phippsburg Harbor Commission that the Plaintiff's moorings were abandoned is AFFIRMED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: April 21, 2020

JUSTICE, MAINE SUPERIOR COURT

---

[1] Even if the as applied challenge had been successful, the appropriate remedy would have been a remand to the Harbor Commission along with an order to conduct a *de novo* hearing. In this case, such a hearing was already conducted on July 15, 2019.

4