INHABITANTS OF ORRINGTON *versus* COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

Under Revised Statutes of 1857, c. 218, § 18, the selectmen may lay out a town or private way for *inhabitants* of the town, from whatever place in the town it leads.

And if the town refuses to accept such a way laid out by the selectmen, the petitioners may appeal to the County Commissioners.

But the selectmen can lay out such a way for persons *not inhabitants*, only when the petitioners are the owners of cultivated land in the town, and the way leads *from such land* to a town or highway.

On appeal to the County Commissioners, they may lay out a town or private way *that substantially corresponds* with the way prayed for in the petition.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

PETITION FOR CERTIORARI. The grounds of the petition sufficiently appear in the opinion.

*J. A. Peters*, for the petitioners.

*J. E. Godfrey*, for the respondents.

Inhabitants of Orrington *v.* County Commissioners of Penobscot County.

The opinion of the Court was drawn up by

DAVIS, J. — The town of Orrington refused to accept a way located by the selectmen, and thereupon the persons aggrieved thereby petitioned the County Commissioners to locate it. In their petition they do not state *what kind* of a way had been located by the selectmen; but the validity of that location, it not having been accepted, is not in question. The petition sufficiently shows that it was either a town way, or a private way. In either case, upon the refusal of the town to accept it, they had the right to apply to the County Commissioners. The Commissioners have heard the parties, upon due notice, and have determined that it was laid out as a town way, and have located it as such. Their proceedings are called in question in two particulars.

1. It does not appear that the way laid out leads from land in the possession or under the improvement of any of the petitioners, to a town or highway.

But it does appear, as it did not in the case of *Scarborough* v. *County Commissioners*, 41 Maine, 604, as reported, that the petitioners are "inhabitants" of the town. And whatever construction we might give to the R. S., 1841, c. 25, § 27, there can be no doubt that, by the R. S., 1857, c. 18, § 18, the selectmen have authority to lay out town or private ways for the "inhabitants" of the town, *or* for the "owners of *cultivated* land therein."

If it is laid out for any of the "*inhabitants*," on petition therefor, and the town refuses to accept it, or if the selectmen refuse to lay it out for them, no matter from what place, or to what place, in the town, it leads, they, if aggrieved thereby, may petition the County Commissioners to locate it for them. R. S., 1857, c. 18, §§ 22 and 23.

If refused to be laid out, or if laid out by the selectmen and refused to be accepted by the town, "for the owners of cultivated land therein," who are *not inhabitants*, it must appear that the way leads *from such land* to a town or high-

way. Cultivated land is land under improvement. If it was necessary under the former statutes for the owner to be *personally* "in possession" of it, it certainly is not by our present statutes. If the land is *under improvement*, and he is the *owner*, he may petition the selectmen, and, in case of their refusal, he may petition the County Commissioners to locate a way from such land to a town or highway.

But the case at bar comes within the first clause of the statute. The petitioners were "inhabitants" of the town; and whether they owned any cultivated land therein, or whether the road was laid out from any such land to a town or highway, are immaterial questions. *Lisbon* v. *Merrill*, 12 Maine, 210.

2. But it is contended that the County Commissioners materially varied the location from that which was made by the selectmen.

Under the statute of 1821, c. 118, § 11, the way as located by the selectmen might be changed, and any way located which would be a substantial compliance with the original petition. *Goodwin* v. *Hallowell*, 12 Maine, 271. By the R. S., 1841, c. 25, § 34, the County Commissioners had no power except to "approve and allow the way *as laid out by the selectmen*." But by the R. S., 1857, c. 18, § 23, they may proceed and act upon the petition as is provided respecting highways. If the selectmen refuse to locate the way prayed for, the Commissioners may locate the way upon any route that substantially corresponds with the petition. That it may vary to some extent, either in the *termini*, or at intermediate points, and still be within the petition, there can be no doubt. *Winslow* v. *County Commissioners*, 37 Maine, 561. And, as a refusal to accept the way laid out by the selectmen renders their proceedings upon the petition void, we think the Legislature, by changing the statute, must have intended that the Commissioners should have power to make any location which, as in the case of highways, they could have made under the original petition.

It is not claimed that the variation is so great that the

Inhabitants of Orrington *v.* County Commissioners of Penobscot County.

location would not have been valid under the petition. And therefore, *the writ must be denied*.

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.

KENT, J., delivered the following opinion : —

I concur in the result as stated in the opinion, and I do not see any good reason to depart from the positions and constructions therein stated. But I think there is a distinction not alluded to, which settles the first question raised beyond a doubt. I refer to the distinction between *town* and *private* ways. The question is, who has a right to petition the County Commissioners, after a refusal to lay out or to accept a *town* way, by the selectmen or by the town. It is contended that no one can thus appeal, unless he is an owner of land under improvement, from which land the proposed road leads to a town way or highway. But this limitation, as to the *termini* of the way, applies only to the private ways, described in § 18, c. 18, R. S. of 1857, as "laid out for one or more of. its inhabitants, or for owners of cultivated land therein."

From the earliest times there have been two kinds of ways, which selectmen might lay out, and which towns might accept. The first are town ways. They are described in the statute of 1821, c. 118, § 9, as ways for the use of such town only. The second class are private ways for one or more individuals thereof or proprietors therein. The same distinction is kept up in the R. S. of 1841, c. 25, § 27, and renewed in the present statute, in a more condensed form.

The authority in c. 18, § 18, of R. S. of 1857, is to "lay out town ways, and private ways for one or more of its inhabitants, or for owners of cultivated land therein."

Town ways are not, and never were, regarded as laid out for one or more of its inhabitants as individuals, or for owners of cultivated land, but for the whole town, in its corporate capacity, and for the general convenience of all travellers.

Any one or more of the inhabitants may petition for a town road, whether they have any personal or direct interest therein or not. But a private way can only be laid out on petition by some owner of land under improvement, for a way from his land to some town or county road, already existing. By §§ 22 and 23, the right to petition the County Commissioners is given, in case of a town way, to any inhabitant who is a petitioner therefor, but, in case of a private way, it is only given to the petitioner who, as owner of land under improvement, has asked for such private way for his private convenience. The sections must be construed, not as applying the limitation as to ownership of land to town roads, but only to private ways. This is the plain and grammatical construction.

The present statutes have avoided the obscurity in language which led to the decision in 41 Maine, 604.

I concur with the opinion on the second point. The law now, does not, as formerly, provide for an *appeal* strictly so called, but gives jurisdiction to the County Commissioners in all cases of refusal by the town or its officers, and authorizes them to proceed to act on the petition "as is provided respecting highways." They may lay out the road prayed for between the *termini* named, as they might lay it out if it was a county road, on such petition. The refusal of the town has given them this jurisdiction, and they are not limited to the simple power of affirming or reversing the action of the town, as in case of a strict appeal.

APPLETON, C. J., and CUTTING, J., concurred.