2000 ME 171

**STATE of Maine**

v.

**Michael WEEKS and Dale Martin.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 2000.
Decided Oct. 6, 2000.

Stephanie Anderson, D.A., Julia Sheridan, A.D.A. (orally), Portland, for the State.

Karen Dostaler, Esq., Portland, (for Michael Weeks), Peter Evans, Esq. (orally), Mittel, Asen, Hunter & Cary, Portland, (for Dale Martin), for the defendants.

Panel: WATHEN, C.J., and CLIFFORD; RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendants Michael Weeks and Dale Martin appeal from the judgments entered in the Superior Court (Cumberland County, *Cole, J.*) on their conditional guilty pleas to twelve counts of disseminating sexually explicit materials in violation of 17 M.R.S.A. § 2923 (1983), as amended by P.L.1983, ch. 223. They argue that the

court *(Warren, J.)* erred when it denied their joint motion to dismiss the indictments because section 2923 is unconstitutionally vague. They also argue that the court erred in sentencing each defendant to three consecutive five-year sentences. Finding no error, we affirm the judgments.

[¶ 2] The facts presented by the State at the Rule 11 proceeding may be briefly summarized as follows: In August of 1998, a detective in New Hampshire entered an internet relay chat system, depicting himself as a fourteen-year-old boy. In that system, he entered a chat channel entitled "# 1000reteenboysexpics." There he exchanged messages with a person who used the screen names "ManinME" and "Grezmnky." "Grezmnky" informed the detective that he had a host of pornographic pictures that could be accessed through the internet system. While they conversed, "Grezmnky" sent the detective more than 120 photographs, 100 of which, according to their depictions, were of children under the age of eighteen.

[¶ 3] Information provided during the internet chat indicated that "Grezmnky" was Michael Weeks and that he lived at 1 Cumberland Avenue in Portland. Acting on this information, the Portland police obtained a warrant to search Weeks's home. Weeks was then living with Dale Martin. During the search, authorities seized a computer that had been used to store approximately three thousand visual images. At least 975 of these images were sexually explicit depictions of minors. The search also revealed computer records indicating that defendants had used their computer to establish a lending library of pornographic images. Anyone accessing the system through "# 1000reteenboysexpics" and then through a setup called "!wildside" could take images from defendants' files in exchange for new images. The rule was that if a visitor provided one image, he or she could receive two.

[¶ 4] The computer evidenced forty-seven such transactions taking place on September 2, 3, and 4, 1998. The images exchanged involved children, ranging in age from eighteen-month old babies to teenagers, and some adults. They depicted masturbation, lewd exhibition of the genitals, children engaging in sexual acts with other children and with adults, and child bondage. These images could have been sent anywhere in the world over the internet.

[¶ 5] Defendants were interviewed on multiple occasions at the Portland Police Department prior to being taken into custody. In these interviews, they admitted that they had set up the computer, that they knew that there were thousands of sexually explicit images of children in their library, and that they had established the library to collect pictures of teenage boys. Defendants explained that their system required quite a bit of upkeep and that they had to spend time categorizing the images. At one point, the glut of incoming pictures became so unmanageable that they had to discard them all.

[¶ 6] The Grand Jury indicted defendants, charging each with forty-seven counts of disseminating sexually explicit materials (Class C) in violation of 17 M.R.S.A. § 2923 and nine hundred seventy-five counts of possessing sexually explicit materials (Class D) in violation of 17 M.R.S.A. § 2924 (Supp.1999). Defendants jointly moved to dismiss these indictments on a number of constitutional grounds, but their motions were denied. Pursuant to a plea agreement, defendants then entered conditional guilty pleas to twelve counts of disseminating sexually explicit materials in exchange for the dismissal of thirty-five counts of dissemination and all counts of possession. The court divided the dissemination convictions into three separate criminal episodes and sentenced defendants to three consecutive five year sentences.[1] It suspended the last five year

---

1. The court sentenced defendants to five years on counts 1, 4, 8, and 9 (offenses occurring on September 2, 1998) concurrent with each other; five years on counts 13, 21, 24, 25, 27,

sentence and placed defendants on probation for four years. Defendants now appeal.

 [¶ 7] Defendants first challenge the constitutionality of section 2923, the dissemination statute, on grounds of vagueness. The Due Process Clause of the Fifth Amendment to the United States Constitution requires that criminal defendants be given "fair notice of the standard of conduct to which they can be held accountable." *United States v. Robinson,* 137 F.3d 652, 653 (1st Cir.1998) (internal quotations omitted). Thus, a statute will be invalidated for vagueness when it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). *See also Portland v. Jacobsky,* 496 A.2d 646, 649 (Me.1985) ("An ordinance or a statute may be void for vagueness when its language either forbids or requires the doing of an act in terms so vague that people of common intelligence must guess at its meaning.").

[¶ 8] In the present case, at the time of the offense, 17 M.R.S.A. § 2923 provided:

 **1. Offense.** A person is guilty of dissemination of sexually explicit material if he intentionally or knowingly disseminates or possesses with intent to disseminate any book, magazine, print, negative, slide, motion picture, videotape or other mechanically reproduced visual material which depicts any minor, who the person knows or has reason to know is a minor, engaging in sexually explicit conduct.

17 M.R.S.A. § 2923(1) (1983), as amended by P.L.1983, ch. 223. In 1999, after the present offenses occurred, the Legislature amended section 2923 to "clarif[y] the defi-

nition of 'disseminate' to make clear that the dissemination of sexually explicit materials via computer is covered by the laws regulating sexual exploitation of minors." L.D. 1575, Summary (119th Legis.1999). As amended, section 2923 currently prohibits the dissemination of "any book, magazine, print, negative, slide, motion picture, videotape, *computer data file* or other mechanically, *electronically or chemically* reproduced visual *image or* material that depicts any minor ... engaging in sexually explicit conduct." 17 M.R.S.A. § 2923(1) (Supp.1999) (emphasis showing relevant changes).

[¶ 9] Defendants argue that section 2923, prior to the amendment, was unconstitutionally vague because it did not specifically refer to images contained on computer files. They point out that penal statutes are to be strictly construed and that genuine ambiguities regarding the coverage of a criminal statute are to be resolved in favor of the defendant. Defendants emphasize that the police officers found no pictures when they searched defendants' house; they recovered only data that had been stored on the hard drive of defendants' computer. They argue that the Legislature's clarification of the statute demonstrates convincingly that people of ordinary intelligence might not have concluded that the original version of the statute prohibited the dissemination of child pornography over the internet.

[¶ 10] We disagree. Prior to the amendment, section 2923 provided ample notice to an ordinary person that disseminating child pornography over the internet is prohibited. On its face, the statute prohibited the dissemination of "any book, magazine, print, negative, slide, motion picture, videotape, or *other mechanically reproduced visual material*" depicting child pornography. 17 M.R.S.A. § 2923(1) (emphasis added). There is no doubt that defen-

---

and 28 (offenses occurring on September 3, 1998) concurrent with each other but consecutive to counts 1, 4, 8, and 9; and five years on counts 42 and 43 (offenses occurring on

September 4, 1998) concurrent with each other but consecutive to counts 13, 21, 24, 25, 27, and 28.

dants' computer is a machine and that its files contained "mechanically reproduced visual material" even though the material was not visible to the naked eye unless printed or displayed on a computer screen. By prohibiting the dissemination of videotapes, motion pictures, slides, and negatives depicting child pornography, the statute clearly reaches the dissemination of stored images as well as finished pictures. An ordinary person reading the statute would understand that the dissemination of computer files depicting child pornography is prohibited because the files contain "mechanically reproduced visual materials." Thus, section 2923 does not constitute a denial of due process.

[¶ 11] Defendants also argue, in this direct appeal, that the court abused its discretion in imposing consecutive sentences and that it deviated from the sentencing process set forth in *State v. Hewey*, 622 A.2d 1151 (Me.1993) and 17–A M.R.S.A. § 1252–C (Supp.1999). Defendants applied for leave to appeal their sentences pursuant to M.R.Crim. P. 40, but their applications were denied. Accordingly, defendants may not now challenge the propriety of their sentences "unless a 'jurisdictional infirmity' appears on the record 'so plainly as to preclude rational disagreement as to its existence.'" *State v. Cunningham*, 1998 ME 167, ¶ 5, 715 A.2d 156, 157 (quoting *State v. Parker*, 372 A.2d 570, 572 (Me.1977)). Defendants fail to demonstrate that the court exceeded its statutory powers, and thus there is no jurisdictional infirmity. *See State v. Parker*, 372 A.2d 570, 572 (Me.1977).

The entry is:

Judgments affirmed.