2005 ME 79

**STATE of Maine**

v.

**John WITHAM.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 17, 2005.
Decided: June 29, 2005.

---

Evert N. Fowle, Dist. Atty., Paul Rucha, Asst. Dist. Atty., Augusta, for State.

Andrews B. Campbell, Campbell Law Offices, P.C., Waldoboro, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] John Witham appeals from a judgment of conviction entered in the Superior Court (Kennebec County, *Jabar, J.*) after a jury found him guilty of aggravated cruelty to animals pursuant to 17 M.R.S.A. § 1031(1–B)(B) (Supp.2003) (Class C).[1] Witham argues that section 1031(1–B) is unconstitutionally void for vagueness. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] In February 2004, Witham lived part-time with his girlfriend in Augusta. On February 26, Witham, who claimed to be allergic to cats, got into an argument with his girlfriend over whether the girlfriend's cat, which was pregnant, would reside with them in her apartment. Later that evening, the girlfriend approached Witham as he was sitting in his truck. He had the cat in a cat carrier on the seat next to him. The two started arguing again, with Witham complaining to the girlfriend that she was choosing the cat over him.

[¶ 3] As the argument continued, Witham said, "last chance, [it's] either me or your cat." He then held the cat carrier out the window, screaming, "last chance, ... I'm leaving," and "choose, choose." Witham then dropped the cat carrier. He began to drive away, and in maneuvering around another car he ran over the cat carrier and killed the cat. A neighbor testified that he heard Witham howling and laughing as he drove away.

[¶ 4] In May 2004, Witham was charged with, among other things, aggravated cruelty to animals, 17 M.R.S.A. § 1031(1–B)(B). A jury trial was held in November 2004. The jury found Witham guilty, and the court entered a judgment of conviction.[2] Witham filed this appeal

## II. DISCUSSION

■ [¶ 5] Witham contends that the aggravated cruelty to animals statute is unconstitutionally void for vagueness.[3] The statute provides:

A person is guilty of aggravated cruelty to animals if that person, in a manner manifesting a depraved indifference to animal life or suffering, intentionally, knowingly or recklessly:

A. Causes extreme physical pain to an animal;

B. Causes the death of an animal; or

---

1. Title 17 M.R.S.A. § 1031(1–B)(B) has since been amended by P.L. 2003, ch. 452, § I–15 (effective July 1, 2004) (codified at 17 M.R.S.A. § 1031(1–B)(B) (Supp.2004)).

2. Witham was sentenced to a term of five years, with all but four suspended, and four years of probation.

3. Contrary to the State's contentions, Witham's void for vagueness challenge is preserved for appeal because it was presented in Witham's motion in limine and again in his motion to acquit at the conclusion of the State's case.

C. Physically tortures an animal. 17 M.R.S.A. § 1031(1–B) (Supp.2003).

[¶ 6] Witham asserts that the phrase "manifesting a depraved indifference to animal life or suffering" provides no intelligible standard to guide individual conduct. He points out that the statute does not define "depraved indifference to animal life or suffering," and contends that the lack of guidance leaves courts, law enforcement officials, and the public guessing at the statute's meaning.

[¶ 7] "The Due Process Clause of the Fifth Amendment to the United States Constitution [and Article I, section 6–A of the Maine Constitution] require[ ] that criminal defendants be given 'fair notice of the standard of conduct to which they can be held accountable.'" *State v. Weeks*, 2000 ME 171, ¶ 7, 761 A.2d 44, 46 (quoting *United States v. Robinson*, 137 F.3d 652, 653 (1st Cir.1998)); *see also State v. Pettengill*, 635 A.2d 1309, 1310 (Me.1994). A statute is unconstitutionally vague "when it fails to 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Weeks*, 2000 ME 171, ¶ 7, 761 A.2d at 46 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). A statute may be void for vagueness when people of common intelligence must guess at its meaning. *Id.* In examining the sufficiency of statutory language, "[o]bjective quantification, mathematical certainty, and absolute precision are not required." *Town of Baldwin v. Carter*, 2002 ME 52, ¶ 7 n. 2, 794 A.2d 62, 66. In light of the fundamental precept that we will, if possible, construe statutes "so as to avoid a danger of unconstitutionality, ... [l]egislation should not be held invalid on the ground of uncertainty[ ] if susceptible of any reasonable construc-

tion that will support it." *State v. Davenport*, 326 A.2d 1, 5–6 (Me.1974).

[¶ 8] "Depraved" is defined as "[m]orally debased and corrupt," and "indifferent" as "not mattering one way or the other." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 364, 623 (1984). In connection with the crime of murder, 17–A M.R.S.A. § 201(1)(B) (Supp. 2004), depraved indifference involves conduct that creates "a very high degree of risk of death or serious bodily injury." *State v. Joy*, 452 A.2d 408, 411 (Me.1982). "In a prosecution for depraved indifference murder the State is not required to prove that the defendant was subjectively indifferent to the value of human life, but rather that his conduct, objectively viewed by a reasonable person, manifested a depraved indifference to the value of human life." *State v. Dodd*, 503 A.2d 1302, 1305 (Me. 1986) (quotation marks and emphasis omitted).

[¶ 9] People of common intelligence can understand that in the context of cruelty to animals, the term "depraved indifference" is an objective standard similar to that applied in the context of murder. Witham was not left to guess whether his conduct was in violation of the statute. *See Weeks*, 2000 ME 171, ¶ 7, 761 A.2d at 46. He needed only to ask himself whether a reasonable person would find his conduct to be morally debased, posing a high degree of risk, and manifesting a total lack of concern for the cat's death or suffering.

[¶ 10] Witham contends that case law interpreting the depraved indifference standard in Maine's murder statute, 17–A M.R.S.A. § 201(1)(B), offers no guidance in interpreting section 1031(1–B) because a person can violate section 1031(1–B) without causing the death of an animal, whereas the same treatment directed at a human would not be considered depraved indifference unless it resulted in death. Witham

ignores the fact that pursuant to the elevated aggravated assault statute, a person can manifest a depraved indifference to the value of human life without causing the death of another human being. *See* 17–A M.R.S.A. § 208–B(1)(B) (Supp.2004) (providing that "[a] person is guilty of elevated aggravated assault if that person ... [e]ngages in conduct that manifests a depraved indifference to the value of human life and that in fact causes serious bodily injury to another person with the use of a dangerous weapon"). The different harms addressed by the three statutes do not distinguish the standard they each employ to describe the nature of the conduct resulting in the harm. Despite Witham's arguments to the contrary, the depraved indifference murder standard is not irrelevant to the proper construction of section 1031(1–B); rather, it is informative as to the meaning of "depraved indifference to animal life or suffering."

[¶ 11] In response to a void for vagueness challenge, "the 'sufficiency of the language of [a] statute is properly tested in the circumstances of the case at bar.'" *State v. McLaughlin,* 2002 ME 55, ¶ 9, 794 A.2d 69, 73 (quoting *State v. Hills,* 574 A.2d 1357, 1358 (Me.1990)). Here, the trial court cogently instructed the jury that:

> [T]he State has to prove to convict the defendant of aggravated cruelty that he acted in a manner manifesting a depraved indifference to animal life. That means that regardless of what the de-

fendant was thinking, this is what would be called an objective test, the conduct by its very nature creates a very high degree of risk [to] animal life or suffering. [T]he death producing [ ] conduct must be conduct which when objectively viewed demonstrates an almost total lack of concern or feeling for the value of animal life.

[¶ 12] There is nothing vague or uncertain about assessing Witham's conduct by these standards.[4] His actions created a very high degree of risk of causing the cat to suffer and its subsequent death. It is also conduct that, when viewed objectively, could be found by a reasonable jury to demonstrate an almost total lack of concern or feeling for the value of animal life. Accordingly, 17 M.R.S.A. § 1031(1–B) is not void for vagueness.

The entry is:

Judgment affirmed.

---

4. The aggravated cruelty to animals statute also requires proof that the defendant acted "intentionally, knowingly or recklessly," 17

M.R.S.A. § 1031(1–B) (Supp.2003), and the trial court instructed the jury accordingly.