MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 14
Docket:        Wal-13-143
Submitted
 On Briefs:    October 31, 2013
Decided:       February 4, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, <u>MEAD</u>, and JABAR, JJ.

## STATE OF MAINE

v.

## LISHA ROSE STANLEY

MEAD, J.

[¶1]  Lisha Rose Stanley appeals from a judgment of conviction entered by the trial court (*R. Murray, J.*) on a jury verdict finding her guilty of operating after habitual offender revocation (Class C), 29-A M.R.S. § 2557-A(1)(A) (2013). Stanley argues that the court committed obvious error when it failed to clarify the definition of "public way" as defined by 17-A M.R.S. § 505(2) (2013) and contends that the statute's language is confusing, outdated, and unconstitutionally vague.  She also challenges the sufficiency of the evidence.  Although we agree that the language of section 505(2) is outdated and, if used in the wrong context, certainly confusing, we conclude that it is adequately definite to survive a due process challenge.  We also conclude that the evidence is sufficient for the jury to

2

find all elements of the crime charged beyond a reasonable doubt and that Stanley failed to preserve her clarification argument. We affirm the judgment.

## I. BACKGROUND

[¶2] In May 2012, Stanley asked to borrow a friend's car while she was at a party in Unity. The friend, Chesley Bennet, initially refused to let her use the vehicle but later relented. Stanley testified that she borrowed Bennet's car to drive only to the end of the private road that links Bennet's driveway with Route 201 to call her mother, and then to wait for her mother to pick her up. But Bennet and another witness, Stanley's sister, Donna Braun, testified that Stanley told them she intended to use the car to pick up her boyfriend at the Troy General Store, about a fifteen-minute drive from Bennet's home.

[¶3] Both Bennet and Braun testified that when Stanley drove Bennet's car away from his house, she was the sole occupant of the vehicle. The distance between Bennet's house and Route 201, however, prevented either witness from observing if Stanley drove onto Route 201 or parked at the end of the private road. Stanley testified at trial, as did her mother, that she drove to the end of the private road, parked the car, called her mother, and then waited for her mother and brother to arrive. She stated that after her family arrived, her mother drove Bennet's car and she rode as a passenger, first to the Troy General Store and then to her home. Stanley's testimony conflicts with that of Trooper Bethany Robinson of the Maine

State Police, who interviewed Stanley on two different occasions and testified that Stanley admitted to driving the vehicle to her home.

[¶4]  When Stanley did not return to Bennet's house with his car, he tried unsuccessfully to contact her by phone.  After three hours, he and Brann drove to Stanley's home.  When they arrived, they found Bennet's car in the driveway with the driver's side door open and the keys on the driver's seat.  There were no other vehicles in Stanley's driveway.  To reach Stanley's house in Detroit from Bennet's house in Unity, or to drive to the Troy General Store, it is necessary to travel on public highways.  Stanley is classified as a habitual offender pursuant to 29-A M.R.S § 2551-A (2013) and is prohibited from operating a motor vehicle on any "public way" as defined by 17-A M.R.S. § 505(2).

[¶5]  After the close of evidence, the court instructed the jury on the definition of public way using the exact language of 17-A M.R.S. § 505(2).  During deliberations, the jury sent a note asking the court to clarify the terms "private way laid out under authority of statute," "licensee" and "invitee."  The court held an in-chambers conference and sought input from counsel on how it should clarify the terms to the jury.  At no point during the conference, or at any other time during the proceedings, did Stanley object to the language of the statute as unconstitutionally vague or seek to have the court instruct the jury with additional definitions or a clarification instruction.  Instead, Stanley told the court

4

"my preference would be to send [the jury] back to deliberate . . . with the definitions they've been given." The State did not object to Stanley's request, and the court instructed the jury to make a factual determination based on the language provided in the jury instructions. The jury returned with a verdict of guilty nine minutes later. Stanley filed this appeal.

## II.  DISCUSSION

[¶6]  The criminal offense of operating after habitual offender revocation, 29-A M.R.S. § 2557-A(1)(A), incorporates by reference a provision from the Maine Criminal Code that defines a "public way" as

> any public highway or sidewalk, private way laid out under authority of statute, way dedicated to public use, way upon which the public has a right of access or has access as invitees or licensees, or way under the control of park commissioners or a body having like powers.

17-A M.R.S. § 505(2).  Stanley argues that the term "private way laid out under authority of statute" is unconstitutionally vague and should not have been included in the court's instructions to the jury.  She also argues that the court erred when it failed to clarify the definitions of invitee and licensee following a request to do so from the jury.  Because Stanley failed to object to the initial instructions and gave her explicit approval when the court declined to give a clarification instruction, we review for obvious error and focus on only those errors so "seriously prejudicial"

that they tend to produce manifest injustice. *State v. Pabon,* 2011 ME 100, ¶ 18, 28 A.3d 1147 (quotation marks omitted).

[¶7]   A statute is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment when its wording is so ambiguous or broad that it "fails to provide sufficient definiteness that an ordinary person can understand what conduct is forbidden and encourages arbitrary and discriminatory enforcement." *State v. Aboda,* 2010 ME 125, ¶ 14, 8 A.3d 719 (quotation marks omitted).   When statutory language is merely complicated or imprecise, however, there are no constitutional implications. *See State v. Witham,* 2005 ME 79, ¶ 7, 876 A.2d 40 ("[O]bjective quantification, mathematical certainty, and absolute precision are not required" (quotation marks omitted)).

[¶8]   The language "private way laid out under authority of statute" is an archaic term used to refer to a privately owned way or road built pursuant to municipal authority. *See generally Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 221-22 (Me. 1981) (discussing the different types of private ways); *see also Inhabitants of Orrington v. Commissioners of Penobscot Cnty.,* 51 Me. 570, 573-74 (1863) (Kent, J., concurring) (discussing the origins of public and private ways and the differences between the two).   The term was codified in the Maine Criminal Code at 17-A M.R.S. § 505(2), obstructing public ways

6

(Class E), but outside of section 505(2), the language is no longer used.[1]  That it is no longer a commonly used legal term, however, does not render it unconstitutionally vague.  The term is neither overbroad nor ambiguous, and, although it may be complicated, it definitively describes a certain type of public way with sufficient certainty to survive a due process challenge.[2]

[¶9]  We do not reach Stanley's contention that the court erred when it did not further define the terms "invitee" and "licensee" of 17-A M.R.S. § 505(2).  Her explicit request that the court not give a further definitional instruction precludes obvious error review and constitutes a waiver of this issue.  *See State v. Cleaves*, 2005 ME 67, ¶ 13, 874 A.2d 872 ("Obvious error review provides no invitation to change trial and instruction request strategy when the results of the original strategy turn out less favorably than hoped for."); *State v. Ford*, 2013 ME 96, ¶ 15, --- A.3d ---.

---

[1]  Until 1975, the Legislature authorized municipal officers to create "private ways" in 23 M.R.S.A. § 3001, which was repealed and replaced by P.L. 1975, ch. 711, § 8 (effective July 29, 1976) (codified at 23 M.R.S.A. § 3022 (1976)).  Section 3022 uses "public easements" to refer to what were previously labeled "private ways."

[2]  The term "private way laid out under the authority of statute" should not be included in jury instructions where, as here, the State did not present any evidence suggesting that the defendant operated a motor vehicle on a way that could fall under this definition.  An instruction on an issue not generated by the evidence only serves to confuse and mislead the jury.  *State v. Gilbert*, 473 A.2d 1273, 1276-77 (Me. 1984).  And if a jury instruction creates the possibility of jury confusion, a verdict based on impermissible criteria is erroneous.  *State v. Day*, 1999 ME 29, ¶ 8, 724 A.2d 1245.  We do not address the consequences of the court's error in this case, however, because Stanley did not raise the issue on appeal.

[¶10]  Finally, the evidence, viewed in the light most favorable to the State, is sufficient for a rational jury to find that Stanley operated a motor vehicle on a public way as defined by 17-A M.R.S. § 505(2), and to support the verdict.  *See State v. Cheney*, 2012 ME 119, ¶ 37, 55 A.3d 473.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Sean Ociepka, Esq., The Law Office of Sean Ociepka, Belfast, for appellant Lisha Rose Stanley

Geoffrey A. Rushlau, District Attorney, and Katie A. Sibley, Asst. Dist. Atty., Waldo County District Attorney's Office, Belfast, for appellee State of Maine